## Porter *v.* Insurance Company of North America, Appellant.

*Insurance—Fire insurance—Renewal of policy—Nonoccupancy—Agent—Sole ownership.*

Where an insured under a fire insurance policy requests the agent of the insurance company to issue a new policy on the ground of a change of ownership, and the agent instead of issuing a new policy, indorses a new contract of insurance on the old policy, naming the new beneficiary individually, and not as trustee, as he had been informed and notified by the parties, the company cannot in an action upon the policy defend, either because of a nonoccupancy of the insured premises which had occurred prior to the new contract, or because the new beneficiary was not the sole owner but merely a trustee.

When, at the time of issuing an insurance policy, the company knows that one of the conditions is inconsistent with the facts, and the insured had been guilty of no fraud, the company is estopped from setting up the breach of said condition. The same rule prevails when the insurance company ought to have known the facts constituting the alleged breach.

Where the insured acts in good faith and fully and fairly discloses all information desired by the company, the contract shall be liberally construed in aid of the indemnity which was in contemplation of the parties who made it.

Argued March 13, 1905.    Appeal, No. 195, Oct. T., 1904,

by defendant, from judgment of C. P. Bradford Co., May T., 1902, No. 26, on verdict for plaintiff in case of Theodore F. Porter v. The Insurance Company of North America, of Philadelphia, Pennsylvania.      Before RICE P. J., BEAVER, ORLADY, SMITH and HENDERSON, JJ.      Affirmed.

Assumpsit on a policy of fire insurance.      Before FANNING, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the court gave binding instructions for the plaintiff subject to question of law reserved.

*Error assigned* was in entering judgment on the verdict for plaintiff.

*H. K. Mitchell*, with him *I. McPherson*, for appellant.— The insured must be the actual and substantial owner.      The test of such ownership, applied in many cases, has been : Would the entire loss of the property by fire fall upon the insured ? Milville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107 ; Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; Yost v. Dwelling House Insurance Company, 179 Pa. 381 ; Duda v. Home Ins. Co., 20 Pa. Superior Ct. 244 ; Elliott v. Teutonia Ins. Co., 20 Pa. Superior Ct. 359 ; Ambrose v. First National Fire Ins. Co., 19 Pa. Superior Ct. 117.

We may concede that the plaintiff, as trustee of Ethel Tinklepaugh, had an insurable interest, but in procuring the insurance he should have disclosed his actual interest, as well as the fact that it was subject to the life estate of Effie Tinklepaugh: Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270 ; Schroedel v. Humboldt Fire Ins. Co., 158 Pa. 459 ; Caldwell v. Fire Assn. of Phila., 177 Pa. 492.

*Lee Brooks*, with him *J. W. Stone*, for appellee.—We contend that on June 20, 1901, the defendant company made a new contract with Theodore F. Porter; that upon making the indorsement and delivering the copy to Theodore F. Porter, the parties stood in the same relation to each other, that they would had the insurance company prepared a new policy, wherein they agreed to insure " Theodore F. Porter, who holds

the title to the farm," in a sum not exceeding $1,000, in case of loss, etc.: Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; Western & Atlantic Pipe Lines v. Ins. Co., 145 Pa. 346; Caldwell v. Fire Assn., 177 Pa. 492.

We contend that the title of Theodore F. Porter as trustee, was truly and properly stated in the policy: Phila. Tool Co. v. Assurance Co., 132 Pa. 236; McKeesport Machine Co. v. Ins. Co., 173 Pa. 53; Caldwell v. Fire Assn., 177 Pa. 492.

OPINION BY ORLADY, J., October 9, 1905:

The defendant company denies all liability in this action for the following reasons : 1. That the policy became void by reason of the nonoccupancy of the premises from November, 1900, to April, 1901.    2. That when the additional insurance on the property was secured by the indorsement on the policy, Effie Tinklepaugh was not the unconditional and sole owner of the property insured.    These two propositions may be considered together, inasmuch as the plaintiff's right to recover at all depends upon the effect in law to be given to that indorsement.    The original policy was dated July 10, 1899, and issued for the term of three years to S. P. and Effie Tinklepaugh (who were husband and wife and joint owners of the property insured), in the sum of $1,400, of which $500 was upon the dwelling house, the balance being on personal property in the house and barn.    In April, 1901, the wife, by a personal interview and subsequently by letter requested the duly authorized agent of the defendant, to whom she sent the policy of insurance, to place additional insurance on the property, the policy to be made out in her name.    The agent informed her, that owing to increased rates it would be better for her, and it would be all right to indorse the additional insurance on the old policy, which he proceeded to do, and returned to her the policy with the following indorsement: " Report from agency at Troy, Pa., to the Insurance Company of North America, of Philadelphia, Pa.  The indorsement, transfer, permit, reduction or partial cancellation entered on policy and copied on register.    Entry made and agreed to on the second day of May, 1901, on Policy No. 269,759, renewal No. (. . . .).    Name of insured S. P. and Effie Tinklepaugh. The following additional insurance is hereby agreed to from

this date to the expiration of the policy, viz. : $500 on dwelling insured, making now $1,000 thereon ; $800 on household furniture therein, making now $1,600 thereon ; $1,300 additional. It is understood that this policy insures Effie Tinklepaugh only now sole owner of the property insured. Extra premium, $16.90 ; $1,300 at $1.30.

[Signed]          " L. H. OLIVER, Agent."

At this time the title to the property continued to be in S. P. and Effie Tinklepaugh, who on May 21, 1901, conveyed the real estate insured to Theodore F. Porter in trust by a deed containing the following provisions : " To have and to hold the said premises hereby granted and intended so to be unto the said Theodore F. Porter, his heirs and assigns in trust, nevertheless, for the following uses and purposes and none other : That is to say to hold the same as a trustee for the sole and separate use of Ethel Tinklepaugh, a minor child of S. P. and Effie Tinklepaugh, to assume control, manage and conduct the said property for her and after paying the taxes, insurance and repairs, to pay over to the said Ethel Tinklepaugh the rents and income from the said estate until she arrives at the age of twenty-five years, and upon the happening of this event, the aforesaid trustee is to deed and convey the herein described premises unto the said Ethel Tinklepaugh, her heirs and assigns forever. But always provided should the said Ethel Tinklepaugh die without issue before she arrives at the age of twenty-five years, then the said Theodore F. Porter, trustee as aforesaid, shall deed and convey the said estate so held by him to S. P. Tinklepaugh and Effie Tinklepaugh jointly, share and share alike and their heirs and assigns, the heirs or assigns of said S. P. Tinklepaugh or Effie Tinklepaugh to take such part only as the principal would have taken.

" And the said Effie Tinklepaugh excepts and reserves unto herself from the grant hereinbefore made the use of the Mansion House on the said premises, and also the use of an undivided one half of the said farm as long as she shall remain the wife of the said S. P. Tinklepaugh or his divorced wife, and until she intermarries with some other person. Upon the intermarriage of the said Effie Tinklepaugh, the rights herein reserved by her shall at once cease, and shall immediately vest

in the said trustee for the uses and purposes above mentioned " ; which deed was placed of record in the proper office in the county on May 25, 1901.

On June 12, 1901, Mrs. Tinklepaugh again wrote to the agent as follows : " Mr. Oliver : Dear Sir—Inclosed find my policy, for which fix me a new one on household goods only, to occupy the same building they do now.   I have deeded the farm to my father, and he is to see to the insurance, which will probably be in the grange.   Yours respectfully.

[Signed]             " EFFIE TINKLEPAUGH."

. And about the same time Theodore F. Porter wrote to the agent as follows : " Mr. L. H. Oliver : Dear Sir—You change the insurance on buildings to me and send bill and I will send you check for the same.   I mean to transfer and I will pay you and you can return the same to her.   Yours, in haste,

[Signed]                 " T. F. PORTER."

Contemporaneous therewith Mrs. Tinklepaugh notified the agent that the property had been conveyed to her father, Theodore F. Porter, in trust for her daughter Ethel.   This fact was specially submitted to the jury to pass upon, by answer to the following question : " Did or did not Effie Tinklepaugh in a conversation with L. H. Oliver, the agent of the defendant company, just prior to his making of the indorsement of June 20, 1901, providing that the loss, if any, should be made payable to Theodore F. Porter, inform him that the property had been conveyed to her father, Theodore F. Porter, in trust for her daughter, Ethel ? " and by a special return the jury answered it, " Yes."

Pursuant to the request of Mrs. Tinklepaugh and Theodore F. Porter, and with the knowledge disclosed by the special return of the jury, the following indorsement was made on the original policy : " Entry made and agreed to on the 20th day of June, 1901, on policy No. 269,759.   Renewal No. (. . . .) Name of insured, Effie Tinklepaugh.   By request of insured loss, if any, on buildings insured by this policy shall be paid to Theodore F. Porter, father of the insured, who now holds the title of the farm.

[Signed]            " L. H. OLIVER, Agent."

The policy contained the following clauses : " This entire

policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning the insurance or subject thereof ; or if the interest of the assured in the property be not truly stated therein." " This entire policy shall be void, etc., if the interest of the insured be other than unconditional and sole ownership."

It is conceded that the dwelling house was not continuously occupied as a residence from November, 1900, to April, 1901, but that during all that time Effie Tinklepaugh had her furniture in the building and that it was in condition for occupancy at any time. The building was destroyed by fire on July 4, and the company duly notified by statement and proofs of loss, which were accepted without objection, and the parties consented to the selection of appraisers under the provisions of the policy of insurance, who, after acting upon the submission, made an award in favor of the plaintiffs.

It clearly appears by the letters of June 12, 1901, that both Mrs. Tinklepaugh and Theodore F. Porter desired that a new policy of insurance should be issued in lieu of the old one, and that the agent either knew or had ample means of informing himself of the actual condition of the title to the property. Instead of doing as he was then requested, he indorsed the old policy on June 20, 1901, as above quoted. The agent was familiar with the whole situation ; he had written the original policy and could have written and issued a new one to embody fully the request of the insured. The old policy had not expired, and had a new one been issued the insured were at that time entitled to the return premium for the unexpired term of the policy. The agent appears to have acted in good faith, and acting within his authority he decided to carry into effect the desire of the insured by making the new contract of insurance in the form of an indorsement on the old policy as above quoted : Imperial Fire Insurance Co. v. Dunham, 117 Pa. 460 ; Western & Atlantic Pipe Lines v. Insurance Co., 145 Pa. 346. The entry was made and agreed to with the statement that Theodore F. Porter " now holds the title to the farm." Under these undisputed facts the nonoccupancy of the premises for four months prior to April, 1901, was not material. The contract of June 20, 1901, was a new and independent contract, and the rights of the parties depend upon the condi-

tions then existing, and are not affected by matters of defense arising prior to that date.

The third contention of the company was, and is, that the interest of the assured was not properly stated in the policy, and that it was other than unconditional and sole ownership. There is no evidence suggesting any attempt at concealment or misrepresentation of the manner in which the title was held, nor of withholding any information either sought by the company or to which they were entitled. Correspondence and indorsements on the policy conclusively show that the agent knew on June 20, 1901, that the title was not a fee simple title in Theodore F. Porter. His own declaration was that at the request of the insured, Effie Tinklepaugh, the "loss, if any, on buildings insured by this policy shall be paid to Theodore F. Porter, father of the insured, who now holds the title of the farm," and this after he had been informed that the deed to Porter was not absolute, but in trust for Ethel Tinklepaugh. Had a request been made for a more explicit statement and withheld the case would be entirely different. The agent was content with the description of title, and knew that other persons were interested with Porter in it. As in the case of Caldwell v. Fire Association, 177 Pa. 492, the insured in this one acted in entire good faith. Whatever mistake, or worse than mistake, was made in writing the policy in the name of the holder of the legal title alone, it is clearly chargeable, not to the insured, but to the company's agent, and should be imputed to the company itself. When, at the time of issuing an insurance policy, the company knows that one of the conditions is inconsistent with the facts, and the insured had been guilty of no fraud, the company is estopped from setting up the breach of said condition. The same rule prevails when the insurance company ought to have known the facts constituting the alleged breach: Wood on Insurance, sec. 497 ; People's Ins. Co. v. Spencer, 53 Pa. 353. Where the insured acts in good faith and fully and fairly discloses all information desired by the company, the contract should be liberally construed in aid of the indemnity which was in contemplation of the parties who made it: McKeesport Machine Co. v. Insurance Co., 173 Pa. 53.

The judgment is affirmed.