# Exchange Mutual Fire Insurance Company *v.* Consolidated Mutual Fire Insurance Company, Appellant.

*Insurance—Reinsurance—Contract—Estoppel.*

1. Where at the time of issuing an insurance policy the company knows that one of the conditions thereof is inconsistent with the facts, and the insured has been guilty of no fraud, the company is estopped from setting up the breach of such condition. This rule is equally applicable to a contract of reinsurance.

2. If an insurer be not liable, he cannot recover of the reinsurer.

*Insurance—Occupation of premises—Future use.*

3. Where an insurance policy describes the premises as a frame building "occupied for general store purposes," the policy is not avoided by the fact that at the time of a fire destroying it, it was used "first floor, general store, second floor, lodge," where there is no warranty in the policy as to future or continued use in the same manner as when insured; and this is particularly so where the policy contains a provision that it shall be void, "if the hazard be increased by any means within the control or knowledge of the insured," and there is no evidence that the hazard was increased by the use of the second floor as a lodge room.

Argued Dec. 16, 1910. Appeal, No. 17, March T., 1910, by defendant, from judgment of C. P. Dauphin Co., Sept. Term, 1907, No. 7, on verdict for plaintiff in case of Exchange Mutual Fire Insurance Company v. The Consolidated Mutual Fire Insurance Company of Harrisburg. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a contract of reinsurance. Before KUNKEL, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant presented, inter alia, the following points:

3. If the jury believe that the plaintiff received a larger pro rata premium from George W. Perry than the policy of reinsurance issued by the defendant company, this in

express violation of the rider attached to said policy and made part thereof, then the verdict should be for the defendant.

The Court: Refused. [1]

4. If the jury believe that the plaintiff received eighty per cent of the regular board rate for premium, and then obtained a policy from the defendant company at seventy-five per cent of the board rate, then the verdict must be for the defendant.

The Court: Refused. [2]

11. Under all the evidence in the case the verdict must be for the defendant.

The Court: Refused. [3]

13. If the jury believe that the building on which this reinsurance was issued was used for any other purpose than a general storeroom, then the verdict should be for the defendant.

The Court: Refused. [4]

Verdict and judgment for plaintiff for $546.43. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Frank R. Shattuck,* with him *Robt. Stucker,* for appellant.—It is well settled that the risk assumed by the reinsurer is commensurate with the risk incurred, and it is evident that the reinsurer may make the same defenses as are open to the original insurer: Delaware Ins. Co. v. Quaker City Ins. Co., 3 Grant (Pa.), 71; North Penna. Fire Ins. Co. v. Ins. Co., 2 Pears. 289.

Where the application or policy calls for a full disclosure of facts relating to the risk, a failure to disclose the facts relating to the use and occupancy of the property is a concealment, which will avoid the policy: 2 Cooley's Briefs on the Law of Insurance, 1288, quoting: Fame Ins. Co. v. Thomas, 10 Ill. App. 545, affirmed in 108 Ill. 91; Abbott v. Shawmut Fire Ins. Co., 85 Mass. 213; Barre

Boot Co. v. Milford Mut. Fire Ins. Co., 89 Mass. 42; Loehner v. Home Mut. Ins. Co., 19 Mo. 628.

If the use or occupancy of the building is such as will make the risk more hazardous, a false statement or concealment in regard thereto will, of course, avoid the policy: Yentzer v. Farmers' Mutual Ins. Co., 200 Pa. 325; Pottsville Mut. Fire Ins. Co. v. Horan, 89 Pa. 438; People's Ins. Co. v. Spencer, 53 Pa. 353; Pottsville Mut. Fire Ins. Co. v. Fromm, 100 Pa. 347; Lycoming Ins. Co. v. Mitchell, 48 Pa. 367.

A description of the property insured as a dwelling house is a warranty, and if untrue will avoid the policy: Chase v. Ins. Co., 20 N. Y. 52; Merwin v. Ins. Co., 72 N. Y. 603; Lennox v. Ins. Co., 9 Pa. Superior Ct. 171.

*John E. Fox* and *John R. Geyer*, for appellee.—The facts were known to both parties. They had a right to make or vary the contract and it is submitted that the first and second assignments of error should be overruled: Caldwell v. Fire Assn. of Phila., 177 Pa. 492; Davis v. Fireman's Fund Ins. Co., 5 Pa. Superior Ct. 506; People's Ins. Co. v. Spencer, 53 Pa. 353; Louck v. Orient Ins. Co., 176 Pa. 638; Bole v. New Hampshire Fire Ins. Co., 159 Pa. 53. .

Whether the risk is increased in violation of the policy is a question of fact for the jury and not one which the court could decide as a matter of law: Perry County Ins. Co. v. Stewart, 19 Pa. 45; Long v. Beeber, 106 Pa. 466.

The defendant company having at the time of the filing of the proofs complete knowledge of the condition in the policy stipulating equivalent insurance and at the time of the filing of the affidavit of defense full knowledge of the use of the premises at the time of the fire, having denied liability upon the sole ground of cancellation, must be taken to have waived all other defense which it might have made: Western & A. Pipe Lines v. Ins. Co., 145 Pa. 346; McCormick v. Ins. Co., 163 Pa. 184; Earley v. Ins.

Co., 178 Pa. 631; Bush v. Ins. Co., 222 Pa. 419; Shay v. Phœnix Benefit Assn., 28 Pa. Superior Ct. 527.

OPINION BY RICE, P. J., April 22, 1911:

This was an action on a policy of reinsurance, which contained this clause:

"It is hereby expressly stipulated that the re-insured company has, during the currency of this policy (over and above all reinsurances), an insurance to an amount equal at least to this policy, on the identical property at the same gross rate, terms and conditions as this policy, and covering in the same proportion on each separate part thereof, otherwise this policy to be void and return premium to be refunded on demand." The policy of reinsurance called for a premium of $11.90 on an insurance of $500 for eleven months, and the policy issued by the plaintiff company called for a premium of $84.00 on an insurance of $3,000 for one year. It is claimed that if the premium called for by the former had been at the same gross rate as was called for by the latter, it would have been $12.83, instead of $11.90, and therefore the policy of reinsurance was void. In answer to this contention abundant proof was furnished that the defendant knew that the plaintiff was receiving eighty per cent of the tariff rate on the policies issued by it, including the policy of insurance in question, and that there was a collateral agreement between the two companies that policies of reinsurance issued by the defendant should be at seventy-five per cent of the tariff rate, notwithstanding the plaintiff was receiving eighty per cent. This is shown quite clearly by oral testimony as well as by correspondence between the parties. In the letter of November 22, 1906, from the plaintiff to the defendant the former said, inter alia: "As opportunity offers, we will submit lines to you at seventy-five per cent of the tariff rate, if you care to have us do that"; and further, "We will be glad to receive any reinsurance from you on the same terms, excepting that we ask eighty per cent of the tariff rate

instead of seventy-five per cent." To this the defendant replied on the following day, "We will be glad to reinsure any of your policies which carry your eighty per cent of stock rate clause, or which carry the full board rate clause, as we have before stated. Our policies to you will carry out seventy-five per cent of stock rate clause and we will accept your policies on such business as we can give you with the eighty per cent clause printed on your policy." In view of the defendant's knowledge of the rate charged by the plaintiff, and its agreement to reinsure at a less rate, this branch of the defense cannot be sustained. "Where at the time of issuing an insurance policy, the company knows that one of the conditions thereof is inconsistent with the facts, and the insured has been guilty of no fraud, the company is estopped from setting up the breach of said condition. The same rule prevails when the insurance company ought to have known the facts constituting the alleged breach: Wood on Ins., sec. 497; People's Ins. Co. v. Spencer, 53 Pa. 353:" Caldwell v. Fire Assn. of Philadalphia, 177 Pa. 492; Damms v. Humboldt Fire Ins. Co., 226 Pa. 358; Porter v. Insurance Co. of N. A., 29 Pa. Superior Ct. 75. The principle is plainly applicable to the present case.

The policy contains this clause: "If an application, survey, plan or description of property be referred to in this policy it shall be a part of this contract and a warranty by the insured." It is argued that the plaintiff had an available defense under this claim which it failed to set up against the insured and therefore the defendant may make the same defense in this action. The general rule is that if the insurer be not liable, he cannot recover of the reinsurer. Therefore it is necessary to determine whether under the evidence, the plaintiff had an available legal defense against the insured. The premises were described in the policy as a frame building "occupied for general store purposes." In the proofs of loss furnished by the insured to the plaintiff, as well as in those furnished by the plaintiff to the defendant, it was stated that the

building "was occupied at the time of the fire as follows: first floor, general store, second floor, lodge." Treating the description in the policy as a representation of an existing fact, to the truth of which the insured bound himself, and conceding that proof that it was not true, without more, would defeat recovery, there remains the objection that the statement in the proofs of loss does not show either expressly or impliedly that it was not literally true. But it may be contended that this was a promissory warranty, which has been defined as one which requires that something shall be done or omitted after the insurance takes effect and during its continuance, and avoids the contract if the thing to be done or omitted be not done or omitted according to the terms of the warranty: May on Ins. (4th ed.), sec. 157. Taking this view, which can only be adopted by implying something that the parties saw fit not to express, what was to be done or omitted? The clause under consideration leaves this wholly to inference. It may be inferred, perhaps, that the parties intended that the building as a whole should not be converted from a store into something entirely different. But can it be inferred with certainty that they intended that if any room in the building, no matter how insignificant, should be occupied for a time, long or short, for any other purpose the policy would be avoided? To put a construction on the words of the clause that would require an affirmative answer to that question would lead to a more absurd result than a construction that would restrict them by their grammatical sense, to a mere warranty that at the time of insurance the building was occupied as described in the policy. It has been well said: "If an insurance company desire to protect itself by a warranty as to future or continued use in the same manner as when insured, it may always do so by language, the object and meaning of which will be understood by both parties, and the courts should not thus construe words which are fully satisfied as a description of a present use or condition, into a promissory war-

ranty, unless the inference is natural and irresistible such was the understanding and design of both parties": Smith v. Mechanics' & Traders' Fire Ins. Co., 32 N. Y. 399. We do not say that the warranty was not promissory—it is not necessary to decide that question—but we hold that there is no reasonable ground for inferring that it was the understanding and design of both parties that the future occupation of a part of the building for any other purpose, as, for example, an office, or in this case a lodge, would ipso facto avoid the policy. This conclusion is strengthened by the fact that they introduced into the policy a provision that it should be void, "if the hazard be increased by any means within the control or knowledge of the insured." This, it is reasonable to infer, was deemed sufficient by the parties to protect the company in such a contingency as is under consideration, and the court ought not to go further upon the doubtful and vague inference that they intended the warranty clause to apply. No evidence was given tending to show that the hazard was increased, and it was not for the court to declare as matter of law that it was.

All of the assignments of error are overruled and the judgment is affirmed.