# Thomas *v.* Employers Liability Assurance Corp., Appellant.

*Insurance—Automobile insurance—Change in payee—Representations of agent—Estoppel—Effect of settlement.*

1. An insurance company is estopped from setting up as a defense to a suit òn a policy of automobile insurance, a provision in the policy requiring endorsement on the policy to accomplish a substitution of the widow of the insured as a beneficiary, where the change of ownership of the automobile to the widow under her husband's will was duly communicated to the local agent of the company, who declared the change permissible, informed the company by letter requesting an endorsement to be attached if necessary, and receiving no reply within the customary time, informed the widow that the change was agreed to and the amended policy in force, and finally transmitted the premium on the renewal to the company, charging the husband's estate with the amount of it.

2. A principal is liable to third parties affected by the acts or words of an agent, though possessing but limited powers, made within the apparent scope of his authority, when the representation or provisions are brought to the attention of the principal, and not repudiated.

3. A payment of a renewal premium on a policy of insurance by a local agent of the insurance company out of his own funds, and accepted by the company, does not invalidate the policy.

4. Where an insurance company has disputed the validity of the transfer of an automobile insurance policy to the widow of the insured, it cannot resist payment for injuries resulting from accident after the transfer, validity of which has been established, because the widow settled the claim, where such settlement had been approved by the company's general agent, with a reservation of the right to defend on the ground that the insurance was not in force at the time of the accident.

Argued November 26, 1926.    Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeal, No. 31, Jan. T., 1927, by defendant, from judgment of C. P. York Co., Aug. T., 1923, No. 164, on verdict for plaintiff, in case of Mary C. Thomas v. The Employers Liability Assurance Corporation, Ltd., of London. Affirmed.

Assumpsit on policy of automobile insurance. Before Ross, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,083.08 and judgment thereon in opinion by McPHERSON, J., specially presiding. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Arthur S. Arnold,* with him *George S. Love,* for appellant.—The limited agent had no authority: Levinton v. Ins. Co., 267 Pa. 448; Hall v. R. R., 60 Pa. Superior Ct. 235; Primo v. Ins. Co., 72 Pa. Superior Ct. 409; Devanny v. Ins. Co., 64 Pa. Superior Ct. 510; Marland v. Ins. Co., 71 Pa. 393; Smith v. Ins. Co., 31 Pa. Superior Ct. 29.

The insurance company cannot waive that which it does not know. Knowledge of the facts or of the right is an essential element of waiver.

Defendant need not respond in damages to a volunteer: Jackel v. Nixon, etc., Co., 33 Pa. Superior Ct. 30.

*Michael S. Niles,* with him *Charles A. May* and *George E. Neff,* for appellee.

OPINION BY MR. JUSTICE SADLER, January 3, 1927:

The defendant company, through its local soliciting agent, issued to Walter J. Thomas a policy insuring for one year, ending February 19, 1921, against loss arising from injuries to the public which might result from the operation of an automobile. Prior to the date of its expiration a rider providing for an additional term was sent to the local representative with authority to make delivery to the insured. On February 16th, Thomas died, and, by his will, the ownership of the machine passed to his widow, present plaintiff. These facts were made known to Stallsmith, the local agent, and he was

requested to see that the renewal provided for the pro-
tection of the new owner, whose son would thereafter
drive the car.  This change in liability was declared by
him to be permissible, and the company was notified
and requested to furnish an endorsement to be attached
to the policy, if it was necessary.  The jury found this
communication was received by the insurer.  No reply
having been received by Stallsmith within the custom-
ary time, he notified Mrs. Thomas that the policy was in
force for her benefit, and the automobile could thereafter
be driven by her son.  The premium charge was then en-
tered as a debit in the general account which the agent
had against the Thomas estate, and later the amount
payable was forwarded by him to the company with
other collections.

On March 29th, an accident happened while the car
was in charge of the son, and damage resulted.  On April
11th, the company, having been advised of the loss, de-
nied that it had been properly informed of the change in
the policy authorized by the agent, and repudiated lia-
bility.  Later, it did issue a renewal contract in the
form earlier requested, fixing, however, the beginning
of its responsibility as of May 20, 1921, again disavowing
responsibility for any damage theretofore incurred.  At
that time it made an additional charge by reason of per-
mission given to drive the car by other than the
insured, which sum also was remitted by Stallsmith.
After negotiations, a settlement was consummated by
plaintiff with the injured parties for an amount admit-
tedly reasonable, and approved by the general agent of
the company without prejudice, however, to its assertion
of nonliability.  Releases were secured and sent to the
insurer, but payment of the claim presented was again
refused, and this suit followed.

An affidavit of defense was filed, raising a question of
law based on the fact that the written endorsement re-
quired by the terms of the policy, substituting the name
of another as the insured, with permission to the son

to drive, had not been secured prior to the date of the accident. It was insisted the representation of Stallsmith that all necessary steps to perfect the insurance had been taken was without authority, and not binding upon the company. This statutory demurrer was sustained below, but the judgment entered was reversed, it being held here that it was for the jury to say whether the defendant was estopped to set up the defense suggested: Thomas v. Employers Liability Assurance Corp., 284 Pa. 129. The authorities controlling the present situation will be found in the opinion filed on that appeal, and need not be repeated. It was determined then that if defendant knew the local agent had agreed, on its behalf, to make the changes in the policy, it had tacitly consented thereto, and having failed to disavow what had been done, it would be estopped from later complaining of the alterations impliedly ratified. The questions of fact which this court decided must be submitted to a jury were found affirmatively in favor of the plaintiff at the trial which followed the return of the record to the court below. From the judgment on the verdict rendered this appeal was taken.

It is undoubtedly true that the ordinary soliciting agent has no right to agree to stipulations not appearing in the insurance contract, or to vary its written terms, and the provision that no change not evidenced by an endorsement in writing on the policy, shall be effective, is a reasonable requirement to be enforced. But a principal is liable as to third parties affected by the acts or words of the agent, though possessing but limited powers, made within the apparent scope of his authority, when the representations or promises are brought to the attention of the company, and not repudiated: Wachter v. Phœnix Assurance Co., 132 Pa. 428. In the present case, the jury has found the letter of Stallsmith of March 5, notifying the insurer of the newly acquired ownership by the widow, and that her son would operate the car, was received. No complaint was

made to the alteration in liability, nor any form of endorsement, apparently required by the terms of the policy, forwarded for attachment to the written contract, though the company had been requested to send it, if necessary. The further fact was established that it was customary for the insurer to notify the agent within a reasonable time of disapproval of representations made by him, and a failure to do so was, by practice, understood to be a ratification of the matters suggested in the submitted report. No objection was made to the change proposed, and Stallsmith, after waiting some days, advised Mrs. Thomas that the renewal contract tendered would furnish the desired protection, and that the car could be operated by her son. Under such circumstances, there was an estoppel to set up the lack of authority in the agent to proceed as he did.

It was further insisted on argument that the premium had not been paid at the time of the accident, and, therefore, the insurance was not then in force. This was not given originally as a reason for repudiation of liability, not set forth in the affidavit of defense, nor urged at the trial. The question is not properly raised by the assignments of error, nor suggested in the statement of questions involved. On the contrary, the court charged in answer to the first point of plaintiff that the jury should pass on the question whether, "prior to the accident, the company received the premium and retained it," and the submission of this question is not complained of. The basis of the present objection arises from testimony of Stallsmith, the insurance agent, who had a general account against Thomas. He stated that the premium was charged against the estate after the renewal contract was accepted, but that in reality he made the payment to the defendant from his personal funds. This would not invalidate the insurance, and the remittance to the company will be considered as if sent by the insured: 32 C. J. 1197. The actual amount was forwarded in the course of business on April 14, and no allegation is made of any

undue delay in doing so. It is urged, however, that an additional sum became due in case an endorsement, permitting another driver to operate the car, was desired. When Stallsmith wrote on March 5, he asked that such paper be furnished, if required, and received no reply. When the new rider, dated May 20, was forwarded, the extra amount demanded was promptly transmitted. Even if the question of nonpayment had been properly raised in this case, it must be said to be without merit under the proven facts.

One other defense has been suggested, in that the plaintiff paid the damages caused while her son was driving, and in so doing acted as a mere volunteer. Having in view what has already been said, we must consider the insurance as in force for the benefit of Mrs. Thomas on March 29, when the accident occurred. Those injured threatened suit against her for the loss sustained, and counsel for the insured called upon the representatives of the company at its general office in Philadelphia before completing any negotiations with the claimants. All parties agreed a settlement for the sum of $2,500 would be a reasonable one, and less than the company would be compelled to pay if it attempted an adjustment. Plaintiff's attorney was then told to proceed, without prejudice, however, to the defense of the company, based on the failure to secure a written endorsement permitting the alteration in the terms of the original policy, already discussed. Relying upon the assurance, the payments were made, and the releases obtained forwarded to the company. If the insurance accrued to the benefit of Mrs. Thomas, though the car was driven by her son, the company was liable for loss, as it had agreed to assume any damage legally recoverable "as a result of the ownership, maintenance or use" of the automobile covered by the policy. Through its general agent, it had approved of the adjustment proposed and later consummated, reserving the right to defend on the

ground that the insurance was not in force on March 29th, a contention negatived by the verdict rendered.

The case was carefully tried, fairly presented, and the essential facts found against defendant. A new trial is not sought by appellant, but judgment n. o. v. asked. This was properly refused by the learned court below, and the assignments are overruled.

The judgment is affirmed.