Keller *v.* New Jersey Fidelity, etc., Ins. Co., Aplnt.

316

Argued January 27, 1930.  Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Charles A. Wolfe,* with him *Owen J. Roberts,* for appellant.—The plaintiffs have wholly failed to meet the burden of proving agency: Kroll v. Phila., 240 Pa. 131; American Car & Foundry Co. v. Water Co., 221 Pa. 529.

Defendant's evidence was undisputed and conclusive: Lonzer v. R. R., 196 Pa. 610.

The undisputed documentary evidence against plaintiff is for the court and not the jury to pass upon: Gervis v. Kay, 294 Pa. 518; Anderson v. Kern, 34 Lanc. L. R. 129; Stoever v. Walmer, 140 Pa. 590.

The plaintiffs, by presenting a point for binding instructions in their favor, in effect requested the trial court to determine the issues, and consented to a withdrawal of the case from the jury: Prichett v. Cook, 62 Pa. 193.

*George J. Edwards, Jr.,* for appellees.—Appellant presents no question for decision: Whalen v. Fireproof Construction Co., 296 Pa. 10; Morrow-Smith Co. v. Traction Co., 296 Pa. 377, 379; Com. v. Snyder, 294 Pa. 555, 558; Leadenham's Est., 289 Pa. 216, 224; Pfeffer v. Johnstown, 287 Pa. 370; Atlas, etc., Co. v. Brick & Clay Co., 280 Pa. 449; Class & Nachod B. Co. v. Giacobello, 277 Pa. 530; March v. Traction Co., 285 Pa. 413; Keck v. Vandyke, 292 Pa. 532; Parkinson v. Parker, 85 Pa. 313; Turnpike, etc., Co. v. Ry., 194 Pa. 144; Gas Co. v. Cook, 123 Pa. 170.

Appellant is estopped to deny the validity of the bond in suit: Sokoloff v. Casualty Co., 288 Pa. 211.

OPINION BY MR. JUSTICE SIMPSON, February 5, 1930:

Plaintiffs sued upon a contract of guaranty; the trial judge gave binding instructions for defendant; the court in banc granted a new trial, from which order defendant appeals. The order is right.

In June, 1927, the American Academy of Astrology, Inc., desired to contract with plaintiffs for the furnishing of labor and materials in a large amount, and gave to plaintiffs a note for $10,000, dated April 23, 1927, payable eight months after date, secured by two documents, bearing the same date, and which were delivered to plaintiffs at the same time. One was a paper by which defendant, "in consideration of an agreed premium, receipt of which is hereby acknowledged......unconditionally guarantees the payment of the principal and interest of said note at maturity." This document was executed over the seal of the defendant corporation and was signed by "George A. De Voe, Attorney in Fact."

Admittedly, the corporation had authority to issue such a guaranty, could appoint an attorney in fact for the purpose, and had appointed De Voe as such attorney. The other paper was a certified copy of De Voe's appointment as attorney in fact, was signed by an assistant secretary of defendant over its corporate seal and certified that De Voe's appointment "remains in full force and effect." It showed that the power of attorney gave to him full authority to issue such contracts of guaranty, which "shall be as binding upon [defendant] as fully and amply to all intents and purposes, as if they had been signed by the president, sealed with the common seal of the company and duly attested by its secretary, hereby ratifying all the acts of said attorney in fact, pursuant to the power herein given." This was the usual method by which defendant certified to the authority of its agents under circumstances like the present.

Before plaintiffs did anything for the academy under the pending contract with it, they inclosed, in a letter to defendant, a photostatic copy of the guaranty,—which was, of course, an exact facsimile thereof,—the letter stating that "As the contract is very informal and the amount involved substantial, we desire that you shall have notice of the delivery of the contract to us and our acceptance and reliance on it." Defendant received the letter, but did not reply to it; nor did it repudiate the guaranty, so far as the record discloses, until after this suit was begun. The excuse of its secretary was that he tried to find plaintiff Keller personally, and, being unable to do so, dismissed the matter as a closed transaction. Thereafter, on the faith of the guaranty, plaintiffs proceeded with their contract with the academy, and became entitled to receive a sum far in excess of the amount of the note and guaranty. Defendant's refusal to pay the $10,000, after the note had fallen due and was not paid, resulted in the present suit.

At the trial, after plaintiffs had proved and offered in evidence the papers referred to, and had proved also

the performance of their contract with the academy and the amount due, defendant called its secretary, who produced the original power of attorney to De Voe, across which was written in pencil "5/21/27 Cancelled V. H.," and also a contemporaneous letter written by De Voe as follows: "The writer voluntarily returns this power of attorney for cancellation." The witness testified that the "V. H." were the initials of a vice-president of the company, and that the cancellation was made by him on the day it bore date, May 21, 1927; but the witness did not say he was present when it was cancelled, or that he saw it at or about this time; nor was either the vice-president, who is alleged to have made the cancellation, nor De Voe, who is alleged to have surrendered the power of attorney, called as a witness in the case.

The reason the trial judge gave binding instructions for defendant was because plaintiffs had offered no evidence specifically and independently attacking the alleged cancellation of the power of attorney, which he held became, because of that fact, in all respects, including the alleged date of cancellation, conclusive evidence against them. If the burden of proof had been upon them to show that the power of attorney had not been cancelled, much could be said in favor of that ruling; but the burden of proof was the other way, even if it be held that, under the circumstances here appearing, the fact of cancellation at that time and in that way would defeat the claim. Where a continuing relationship is created by a writing, which places no limitation upon the length of time it shall remain in effect, there is a presumption that it is to continue in force for a reasonable time after it was executed and after a date on which it was shown to have been recognized as still in force. This is so as to a contract of agency (10 R. C. L. 872; 22 C. J. 86-7, 89) and the presumption is sufficient to carry the case to the jury, even though contradicted by oral evidence: Holzheimer v. Lit Bros., 262 Pa. 150, 153; Gojkovic v. Wageley, 278 Pa. 488; Hartig v. Amer-

ican Ice Co., 290 Pa. 21. In the present instance the power of attorney was executed October 8, 1925; admittedly it was in force April 23, 1927, the date of the surety bond in the suit, which is stated to have been for a valuable consideration already received. It is not claimed that it was cancelled before May 21, 1927, when the endorsement across the face of it is alleged to have been made. Under the authorities above cited, if this became a vital question, as defendant contends it is, it was for the jury to decide whether or not the power of attorney was cancelled, and for the court to say whether or not it could have been effectively done at that time, so far as concerns plaintiffs.

As the case goes back for a retrial, it may not be inappropriate to call attention to three other questions which are shown by the record as now presented, and may require consideration at that time. 1st. Does the fact that the note and guaranty were not delivered to plaintiffs until after the cancellation, though both were apparently executed before that time, affect plaintiffs' right to recover, in the absence of proof that De Voe's apparent authority was revocable as to all parties named in a guaranty, unless it had been delivered to them before his agency was cancelled, especially where, as here, it is stated to have been given for a valuable consideration, which De Voe was authorized to receive? 2d. Is defendant estopped to set up the alleged prior revocation, in view of the fact that it did not repudiate the guaranty after plaintiffs gave it notice of the issuing and acceptance thereof before anything was done in reliance on it? See Thomas v. Employers' Liability Assurance Corp., 288 Pa. 325. 3d. It having been admitted at bar, by counsel for each of the litigants, that both plaintiffs and defendant were innocent parties, one or the other of whom must suffer for the fraud of De Voe, is not the principle that, "where one of two innocent parties must suffer loss because of the act of a third, he who clothed the wrongdoer with the

power to injure must bear the loss," as laid down in P. R. R. Co.'s App., 86 Pa. 80, and approved at least as late as B. V. D. Co. v. Kaufmann & Baer Co., 279 Pa. 152, applicable to this case?

The order of the court below is affirmed.