## Kocher, Appellant, v. Kocher et al.

Argued April 14, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Walter H. Harris,* of *Knapp, O'Malley, Hill & Harris,* with him *Fred C. Hanyen,* for appellant.—The compensation board has found as a fact that Geraldine Kocher was the owner of the business, and that she was conducting the business under the assumed name of "W. R. Kocher Estate"; these findings of fact, supported by all of the evidence, are final and conclusive: Rodman v. Smedley, 276 Pa. 296; Kerwin v. Ry. Express, 273 Pa. 134; Stahl v. Coal Co., 268 Pa. 452; Natalini v. Riefler & Sons, 286 Pa. 301.

Appellant contends that the Royal Indemnity Company is liable under the policy, because it insured the owner of the business and the employer, whether that employer be named Geraldine Kocher, "W. R. Kocher" or "W. R. Kocher Estate," all being names for the same person, and, second, because in any event the Royal Indemnity Company is estopped from denying coverage under the policy: Malley v. Indemnity Co., 297 Pa. 216; Porter v. Ins. Co., 29 Pa. Superior Ct. 75; Caldwell v. Fire Assn., 177 Pa. 492; Highlands v. Ins. Co., 177 Pa. 566; Levinton v. Ins. Co., 267 Pa. 448; Livingstone v. Ins. Co., 255 Pa. 1; Bone v. Fire Ins. Co., 261 Pa. 554; Rykill v. Ins. Co., 15 Pa. Delaware Co. R. 343.

Even though the court below was of the opinion that there was no competent evidence to support the findings

of fact of the compensation board, it was without power or authority to enter judgment against appellant and in favor of appellee, Royal Indemnity Company, because appellee's exceptions to the compensation board were to the findings of fact, and therefore under the statute the court was obliged to remit the record to the compensation board for a further hearing and determination: Riley v. Steel Co., 276 Pa. 82; Kuca v. Coal Co., 268 Pa. 163.

*Wm. A. Skinner,* with him *Kelly & Kennedy,* for appellee.—Whether a person is an employee, within the meaning of the act, is a question of law and not of fact: Callihan v. Montgomery, 272 Pa. 56; Carville v. Bornot & Co., 288 Pa. 104; Bowser v. Construction Co., 93 Pa. Superior Ct. 34.

There was not a word of evidence in this record that Mrs. Kocher was doing business under a fictitious name. There were no letterheads, invoices, bills, signs on business place or trucks, nor any evidence of any kind usually offered to prove such a fact.

Geraldine A. Kocher was one entity, and the "Estate of W. R. Kocher" was another. The Estate of W. R. Kocher was being settled in the Orphans' Court of Columbia County by duly appointed executors under letters granted by the register of wills. Proceedings against it in any court would have to be brought against the executors. The petition in this case was filed against the "estate." The executors were the only proper representatives of the estate. The petition was not filed against Geraldine A. Kocher individually, nor as doing business under the name "W. R. Kocher and/or W. R. Kocher Estate."

If the income from the coal business did not go to the estate but went to her, how can it be seriously argued that she was the "estate"? If no money of the "estate" went into the coal business and the estate received no income from it, how can it be said that the "estate" was

Geraldine Kocher, when she put in all the money and received all of the income?

The law of the State makes it a misdemeanor for any person to transact a business under a fictitious name without filing a certificate.

The record in this case shows that the claimant is not entitled to recover; the claimant has proven "such a state of facts as shows she has no cause of action," therefore there was no necessity for remitting the record and the court was right in entering judgment for the defendant: Heck v. Church, 86 Pa. Superior Ct. 77; Potter v. Claar, 289 Pa. 418; Berlin v. Crawford, 86 Pa. Superior Ct. 283; Houlehan v. Pullman Co., 280 Pa. 402.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 12, 1930:

The compensation authorities made an award in favor of plaintiff, and the defendant insurance carrier appealed to the court below, which reversed the award and entered judgment for defendant; hence this appeal by plaintiff.

W. R. Kocher, hereinafter sometimes called the decedent, owned and conducted a retail coal business. He died December 23, 1925, testate, bequeathing this business to his wife, Geraldine A. Kocher, for life, and the executors under his will, who were also the remaindermen, turned it over to her. At the time of the issuance of the insurance policy here involved, and of the accident in this case, the widow was conducting the business as her own. She employed her son Myron, who, on August 7, 1926, was killed in the course of his employment. Mildred H. Kocher, the son's widow, is the plaintiff.

W. R. Kocher carried workmen's compensation insurance with defendant company. The policy expired on March 6, 1926, after the death of the insured. A few days before the expiration of the insurance, defendant

company mailed to its local agent at the place where the coal business was carried on, a renewal policy for another year. This is the contract claimed on in the present case.

The policy in question was made out, like the prior one, in the name of W. R. Kocher; but the local agent had knowledge, at the time the contract came into his hands and when he delivered it to Geraldine A. Kocher, that W. R. Kocher was dead. The agent nevertheless accepted a check in payment of the premium, which he sent to the home office of the company. This check, which had printed on it, "W. R. Kocher Estate," was collected by defendant company; the amount thus received has never been repaid. The uncontradicted testimony shows that the funds in bank out of which the check was paid belonged to the widow of decedent, and not to his estate. The check seems to have been put in evidence, however, for the purpose of showing that the insurance company must have known that W. R. Kocher was dead at the time it accepted the payment of the premium; but whether or not any one directly connected with the home office of defendant company had this knowledge, all the proofs indicate that the local agent, when he took the check for the premium and when he delivered the policy, knew both that the employer named therein was dead and that the business covered by the policy was still conducted in his name.

The position of the insurance carrier is that its policy named W. R. Kocher as the insured employer, and since, as a matter of fact, Geraldine A. Kocher, not W. R. Kocher, was the employer of Myron L. Kocher at the time of the latter's injury and death, it had no liability in the premises; but the case is not so simple. Myron L. Kocher was the manager of the business here involved, the employees of which were intended to be insured by defendant company's policy; he had occupied that position under W. R. Kocher and continued to occupy it after the death of his former employer. Of

course, if there was nothing in the proofs to show that the new policy, written after W. R. Kocher's death and in his name, was, at the time of its delivery, intended as a contract with his successor in the ownership of the business, as the employer, there could be no recovery thereon in this case.

Plaintiff's position is that, after W. R. Kocher's death, the business mentioned in the policy belonged to the decedent's widow and was being conducted by her in his name, she, on occasion, using also the name of W. R. Kocher Estate; that, when the policy was delivered to the widow, it was intended by all concerned,—including, of course, the insurance company acting through its local agent,—to cover the employees of that business, whether it was being operated by the Estate of W. R. Kocher, deceased, or by his widow, to whom the decedent had left the business. Plaintiff contends that the insurance company had knowledge of W. R. Kocher's death when it accepted the premium and renewed the insurance; that, knowing the business still continued and was being carried on by Geraldine A. Kocher in her husband's name,—she having assumed that name for trade purposes,—it delivered the policy to her; therefore the contract should be read as insuring Geraldine A. Kocher, trading in the name of her deceased husband, as owner of the business and employer of plaintiff's decedent.

The insurance carrier states, in its brief, "there can be no question......but that Geraldine Kocher, not the Estate of W. R. Kocher, was the employer, operating this coal business"; and the court below found that, after the death of W. R. Kocher, the business was conducted by his widow Geraldine A. Kocher, but it concluded that the record contained no "legal competent evidence" which warranted "the finding that Geraldine A. Kocher was......conducting this coal business under [an] assumed name." Therefore the court held that the policy must be read as insuring W. R. Kocher, not

Geraldine A. Kocher trading in his name, and that defendant company was not liable to pay compensation for the accidental death of Geraldine A. Kocher's employees; accordingly, the award in plaintiff's favor was set aside and judgment entered for defendant.

Under circumstances such as those in this case, the entry of judgment for defendant presents plain error. In Carville v. Bornot Co., 288 Pa. 104, 109, we held that where, on a hearing before the compensation authorities, one undertakes to prove a material fact and the evidence relied on for that purpose lacks legal competency, a decision on the point cannot be reversed on appeal without remitting the record to the board for "further hearing and determination"; or, in other words, without affording "a second opportunity to prove the fact at issue by legally competent evidence." True, we also said in the Carville Case that, where the party bearing the burden of proof enters on no undertaking before the compensation authorities to establish the fact in question, and offers no evidence whatever for that purpose, "the courts [are] not obliged to give a further opportunity so to do." Here, however, plaintiff not only undertook, before the compensation authorities, to prove the point she now stands upon, but did so principally by the local agent of defendant company, who testified, on her behalf, it was his understanding that, on the death of W. R. Kocher, the insured business continued under the latter's name; further, that, at this time, the witness had received a "personal coal bill" from whoever was in charge of the coal yard, and that he paid the bill by a check drawn to W. R. Kocher. This witness makes some mention of the estate of W. R. Kocher as conducting the business, and fails to say specifically that Geraldine A. Kocher was carrying it on, but he does say plainly that, after the death of W. R. Kocher, the business was conducted in the dead man's name. Considering the abundant testimony that, after the death of her husband, Geraldine A. Kocher did in fact carry on

this business, appellees' express admission to that effect, the confusion throughout the record and in the findings as between the Estate of W. R. Kocher conducting the business and his widow doing so, and, finally, the conclusion of the court below that plaintiff had failed to prove "by legally competent evidence," the prime fact in her case, that the successor to W. R. Kocher had used his name, it seems plain that appellant ought to have been afforded further opportunity to prove that Geraldine A. Kocher, after the death of her husband, in operating the coal business previously owned by him, employed his name for purposes of trade; the case should have been returned to the compensation authorities for that purpose. The record might have been returned also for the purpose of straightening out the confusion therein caused by apparently inconsistent findings of fact.

Apropos of the confusion to which we have referred, the referee, after finding that "Mrs. Geraldine Kocher took charge of the......coal business and employed her son, Myron L. Kocher," made subsequent findings to the effect that Myron L. Kocher was "fatally injured" while "in the course of his employment as manager of coal business for William R. Kocher Estate," and, further, that "the relation of employer and employee existed between Myron L. Kocher and the William R. Kocher Estate" at the time of the accident which caused his death. Then the court below, in its opinion reversing the compensation authorities, speaks of the lack of proper evidence that Myron L. Kocher was employed by the "William R. Kocher Estate," or that defendant company had insured the "compensation risk of the William R. Kocher Estate." The point is not whether there was any competent evidence as to the insurance being carried for the benefit of the William R. Kocher Estate, or as to Myron L. Kocher being employed by that estate; it is whether he was employed by William R. Kocher's widow at a time when she was conducting the

coal business under the fictitious name of William R. Kocher,—for if the local agent of defendant, knowing that Geraldine A. Kocher was so operating under her late husband's name, delivered the policy to her, such delivery would estop the insurance company from questioning its applicability in this case. As said by us in Caldwell v. Fire Assn. of Phila., 177 Pa. 492, 502, "Whatever mistake......was made in writing the policy in the [wrong] name......is......chargeable not to the insured, but to the company's agent [who, with knowledge of the facts, delivered it], and [that mistake] should be imputed to the company itself."

We may add, the mere fact that the claim petition mistakenly named the estate as the employer, would not bar plaintiff from maintaining her contention that, when defendant's policy was paid for and delivered, Geraldine A. Kocher, trading under the name of William R. Kocher, was the employer of Myron L. Kocher. The claim petition can be amended to name her accordingly. We may further add that, though the court below made much of the point that Geraldine A. Kocher failed to register under the Fictitious Name Act of May 10, 1921, P. L. 465 (amended by Act of June 29, 1923, P. L. 979), in our opinion this in no sense shows that she had not in fact used the name of her late husband for trade purposes. Despite such failure, plaintiff had the right to prove that fact and that the local agent of defendant company was informed of it when he delivered the policy to her, written in the name of her deceased husband.

On the point of the knowledge of the local agent being tantamount to knowledge by defendant company, see Caldwell v. Fire Assn. of Phila., 177 Pa. 492, 497, 502; Clymer v. Flood, etc., Ins. Co., 238 Pa. 137, 141; Porter v. Ins. Co. of N. A., 29 Pa. Superior Ct. 75, 81; see also Thomas v. Employers L. A. Corp., 284 Pa. 129, 133, 134; Id., 288 Pa. 325, 326-8. These cases go on the theory of estoppel. Counsel for plaintiff suggests, as still an-

other ground of estoppel against defendant company, that the record shows the insurance carrier took charge of the defense in this case, thereby, as plaintiff claims, barring itself from the right to deny that the claim in controversy was covered by its policy. In Malley v. American Indemnity Co., 297 Pa. 216, 224-5, we very recently said that, where an insurance company assumed the defense of a case against the insured, it cannot, after an adverse verdict, "take advantage of [a] defect in a policy [or] deny that the claim [in controversy] came under the policy," adding that an insurer might decline to defend, and rest on the position that the case was not covered by its policy, but "once having made its decision," it is bound thereby. See also the California case, Frank & Co. v. New Amsterdam Casualty Co., 175 Cal. 293-6, 165 Pac. 927, 928. While the present record contains indications that, at several of the hearings before the compensation authorities, "defendant appeared by its insurance carrier," yet it contains no findings which would warrant us in applying to this case the principle of the Malley Case,—if, indeed, that principle is at all applicable to insurance of the character here involved, where, in each instance, the suit is, in fact or effect, directly against the insurance carrier; but this is a point which we need not now determine. There is nothing on the record to show that the principle now attempted to be invoked was presented by plaintiff to the court below. If, at the rehearing we are about to order, plaintiff still thinks that the principle now contended for applies, she may request findings of fact to support her claim that the insurance company took charge of the defense, and then, should this case again come before the court below, she may present the matter, and her legal contentions thereon, to that tribunal.

The ends of justice will be best served by returning the record to the court below with directions to remit it to the compensation authorities for a rehearing, so that plaintiff may have an opportunity to amend her

claim petition and to produce further competent evidence before the referee to sustain her contentions, and also that, on such rehearing, proper consistent findings of fact may be stated, on which final conclusions of law may be reached. As to returning the record for further competent evidence, see Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 210, and Carville v. Bornot, 288 Pa. 104, 109 et seq., and as to the right to return it for further findings of fact, see Driscoll v. McAlister Bros., Inc., 294 Pa. 169, 171-3; Todd v. State W. Ins. Fund, 295 Pa. 14, 17; Ripani v. Dittman, 297 Pa. 124, 129.

The judgment is reversed and the record is remitted to the court below with directions that it proceed as indicated in this opinion.