Lowicki *v.* Filner (Associated Indemnity Corp., Appellant).

Argued April 16, 1937.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Gustave M. Berg,* with him *James J. Burns, Jr.,* for appellant.

*H. L. Abrams,* with him *P. J. Corr,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1937:

This is an appeal in a workmen's compensation case by the insurance carrier.

Casmer Lowicki was fatally injured July 28, 1935, while in the course of his employment. The deceased's widow filed a claim against H. Joseph Filner, trading as Swimmer's Famous Rye Bread Bakers. The Associated Insurance Companies, through its attorney, filed its "petition and answer de bene esse," denying that it was the insurance carrier of defendant. Motions to amend were filed by the claimant, naming the Associated Indemnity Corporation as the insurance carrier and Mildred Swimmer as additional codefendant.

The referee and the board found that the present appellant was the insurance carrier, and awarded com-

pensation. Upon appeal, the court of common pleas sustained the award.

The evidence discloses that a workmen's compensation policy was originally issued by the appellant to Mildred Swimmer, trading as Swimmer Baking Company, with its place of business at 1816 Bedford Avenue, Pittsburgh, Pennsylvania. This policy was renewed December 12, 1934, for a period of one year. The original policy and renewal were obtained through and delivered by N. P. Kann, engaged in the general insurance business in Pittsburgh. The policy provided: "Changes in the written portion of the Declarations ...... may be made by the agent countersigning this Policy;" and contained a clause that "No assignment of interest under this Policy shall bind the Company unless the consent of the Company shall be endorsed hereon." The policy had several endorsements attached thereto, which were signed as follows: "Countersigned by P. M. Chidester, N. P. Kann Agency." The policy disclosed that the name of the insured was amended to read: "H. Jos. Filner, trading as: Swimmer's Famous Rye Bread Bakers," and that the address of the insured was changed to "Rear 1017 Talbot Street, Braddock, Allegheny County, Pa." Then followed these words: "This Endorsement, issued by the Associated Indemnity Corporation and Associated Fire & Marine Insurance Company, when countersigned by a duly authorized official or representative, shall form a part of Policy No. NC 58933 issued to Mildred Swimmer t/a Swimmer Baking Co. and shall become effective on the 1st day of July, 1935, at noon Standard Time at the place of counter-signature, and shall terminate with the Policy," signed "Agent: Chidester Company, Pittsburgh, Pa. Countersigned by N. P. Kann." Kann, therefore, as subagent of Chidester Company, had authority to countersign endorsements.

About the first of June, 1935, the business conducted

prior thereto in the name of Mildred Swimmer, trading as Swimmer Baking Company, was changed as noted in the policy, as Filner had obtained an interest therein, but, under the testimony, Mildred Swimmer continued to be a part owner thereof. Kann's office was informed of these changes in ownership and location of the business, and was requested to make the appropriate endorsements in the policy. Kann testified that they were accordingly made prior to July 15th and forwarded to the Chidester Company, general agent, shortly after the middle of July, with the intention of continuing the insurance and protecting employees under the compensation law. Mr. Middendorf, office manager of that company, requested that the signature of the assured, consenting to the change, be obtained on the endorsements. Kann stated that this was done and that notice thereof was sent to Chidester Company before the accident. Middendorf testified: "Q. When was the policy or rather the endorsement which was in conformity with the policy requirement actually received by you? A. Approximately July 29th." The witness apparently was not positive as to that date, and, in view of the testimony of Kann who stated that the proper changes had been made and everything was in accordance with the "rules and regulations" prior to the time of the accident, the compensation authorities were warranted in finding that at the time of the accident the proper endorsements had been made.

The appellant presents the point that it appeared by its attorney de bene esse only for the purpose of questioning the jurisdiction of the compensation authorities to hold it liable.

The record does not bear out this statement, as it discloses that at the hearing counsel stated: "I am appearing here only on behalf of the insurance carrier and not on behalf of Joseph Filner, doing business as Swimmer's Famous Rye Bread Bakers." This counsel

took an active part in the trial, cross-examined witnesses, and submitted evidence in the form of exhibits. He made no attempt to have the question of jurisdiction disposed of preliminarily. His alleged conditional appearance was on behalf of the original insurance carrier. When the name of a new insurance company was substituted of record, the original company was no longer a party to this proceeding, and any move taken on its behalf had no relation to the present appellant. Furthermore, the Act of March 5, 1925, P. L. 23 (12 PS §672 et seq.), evidently relied upon by appellant, provides that the question of jurisdiction must be raised in the *court of first instance*. The Workmen's Compensation Board is not a court. Whatever objections, however, the insurance carrier had should have been brought to the attention of the referee and the board. We have frequently held that, on appeal, the court will not consider matters not previously raised. We might add, in passing, that in *Kocher v. Kocher et al.*, 300 Pa. 206, 150 A. 468, counsel raised the question in the Supreme Court that the defendant company was estopped from denying liability, as the record showed that the insurance carrier took charge of the defense in the case, as here, and thereby, as plaintiff claimed, barred itself from the right to deny that the claim in controversy was covered by its policy. The court said that question was not raised in the court below, and therefore refused to pass upon it, but intimated that, in a proper case, it would be worthy of consideration.

We think the finding of the referee that the appellant was the insurance carrier was adequate and that there was sufficient evidence of a valid assignment of the policy to bind it. The rule is well settled that general agents, with authority to countersign policies, may waive certain provisions of insurance policies so as to bind their companies; and this rule applies to a subagent of the general agent. In the case of *Isaac et al.*

*v. D. & C. Mutual Fire Ins. Co.*, 308 Pa. 439, 162 A. 300, the question involved was whether the subagent's knowledge could be imputed to the insurance company. The plaintiffs therein showed that Reed & Company was the general agent of the defendant company and that Richey was the subagent soliciting insurance for them. The former wrote and countersigned the policies and gave them to Richey, who delivered them and collected premiums from the insured, as in this case. At the time the policy there in question was delivered, Richey was informed as to the exact ownership of certain furniture that was insured, and told the insured that the policy was good and covered the furniture. The court, in holding the insurance company liable for loss sustained by fire, said (p. 443): "Where a duly authorized insurance agent, in the due prosecution of the business of his company, employs another as subagent to solicit insurance, and perform other acts in relation thereto, the acts of the subagents, within the scope of the delegated authority, have the same effect as if done by the agent himself."

Taking into consideration the manner in which the endorsements were executed and the oral testimony, there was sufficient evidence to warrant the finding that Kann was a subagent of Chidester Company, the general agent, and was acting within the scope of his authority, with full power to make the endorsements referred to, thus binding the company. The claimant's case does not rest entirely upon proof of the subagent's authority, as there was evidence that the general agent, who undoubtedly had the authority to waive the provisions in the policy, had approved the endorsements prior to the date of the accident.

We all feel that the judgment obtained by the claimant should be held.

Judgment affirmed.