## Freking v. Philadelphia National Home Show, Inc., et al.

*Philip Sterling* and *Elias Magil*, for defendant.

*Frank R. Ambler*, for insurance carrier.

*S. R. Gitman* and *Ralph H. Behney*, for State Workmen's Insurance Fund.

LEVINTHAL, J., April 24, 1941.—Defendant-employer appeals from an order of the Workmen's Compensation Board dismissing its claim for reimbursement against the alleged insurance carrier for want of jurisdiction over the subject matter.

It appears that on January 25, 1939, claimant accidentally was injured in the course of his employment. A claim petition was filed on April 3, 1939, and, on May 1, 1939, an answer thereto denying liability was filed by defendant-employer. The first hearing before the referee was not held until April 29, 1940. By that time, defendant-employer had paid claimant the compensation to which he was entitled, and the employe had also settled his independent trespass action against a third party, whose alleged negligence caused his injuries, for 50 percent of the claim. Concurrently an agreement was reached between the employer and the employe whereby the former's right of subrogation would be limited to 50 percent of the compensation paid. The insurance carrier having denied all liability on the policy, the employer then sought to enforce its alleged right of reimbursement in the compensation proceedings.

The insurance carrier denied liability on the policy: (1) Because it was issued after the accident and had been made effective retroactively, from January 25, 1939, allegedly without any disclosure by the employer of the

occurrence of an accident on that date, and (2) because claimant had received in settlement of his trespass action a sum considerably in excess of the amount of compensation paid by the employer. The referee upheld the second defense and dismissed the employer's claim. The dismissal was affirmed by the Workmen's Compensation Board on the ground that the compensation authorities had no jurisdiction to decide the controversy. The instant appeal followed.

In our opinion, the appeal must be dismissed. We are cognizant of those compensation cases in which disputes between the employer and the insurance carrier have been settled by the compensation authorities and the courts, usually without mention of any problem of jurisdiction and, in a few instances, where the issue had not been raised before the referee or board: Scull, Sr., v. Scull, Jr., 109 Pa. Superior Ct. 226 (1933) ; Lowicki v. Filner, 128 Pa. Superior Ct. 118 (1937) ; Stewart v. Mullineaux et al., 138 Pa. Superior Ct. 43 (1939) ; Wahl v. State Workmen's Insurance Fund et al., 139 Pa. Superior Ct. 53 (1940) ; Kocher v. Kocher et al., 300 Pa. 206 (1930). However, in each of the foregoing cases it appears that the "collateral" issue was decided only so that the award in favor of claimant might be accompanied by an order or judgment against the insurance carrier, should it be determined that the policy was in force and effect at the time of the accident. Thus, in every instance, claimant had a real and substantial interest in the determination of the issue, inasmuch as it might affect his ability to obtain the payments of compensation to which he was entitled. In such cases, jurisdiction properly was assumed by the compensation authorities.

It is evident that the situation here is entirely different. Claimant had already received the compensation due and, at the time of the first hearing, no longer had any interest in the proceedings. Defendant-employer never filed a formal claim for reimbursement against the insurance carrier, for none is provided for in the act, but neverthe-

less sought to establish its claim before the compensation authorities. Our examination of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, and the decisions thereunder fails to reveal any such authority to adjudicate the rights and obligations between the employer and the insurance carrier where no interest of claimant is affected thereby. It is apparent that the board's refusal to assume such jurisdiction was entirely proper. Appellant's remedy is in another forum.

## Order

And now, April 24, 1941, the exceptions of defendant-employer to the order of the Workmen's Compensation Board are overruled and its appeal therefrom is dismissed. Judgment is entered in favor of the insurance carrier defendant for want of jurisdiction over the subject matter.