## Samuel Kalmutz v. The Northern Mutual Insurance Company of Lancaster County, Appellant.

186   571
f193 192
186        571
20 SC [1]148
186        571
e 27 SC [1]452
27 SC [2]454

*Insurance—Fire insurance—Additional insurance—Waiver—Estoppel.*

Where other insurance is required to be indorsed on a policy of insurance, if notice thereof is given to the insurer or its agent, and consent is not indorsed, nor the policy canceled, further compliance is treated as waived, and the insurer is estopped from setting up such other insurance to defeat its liability upon the policy.

A policy of fire insurance required that other insurance should be indorsed on the policy. In an action upon the policy it was conceded that there was other insurance which had not been indorsed upon the policy. The evidence showed that the insurance company's secretary had notice of the additional insurance about one month after an assessment had been paid; that, notwithstanding this notice, the policy was neither recalled nor canceled, nor were the assessments returned; nor was any effort made to return the premium note given by the insured, binding him to pay the premium at such times and in such manner as the company's directors might by law require it. *Held*, that the company was estopped from setting up the failure to have the other insurance indorsed on the policy as a defense.

Argued Feb. 16, 1898. Appeal, No. 181, Jan. T., 1897, by defendant, from judgment of C. P. Schuylkill Co., on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum and Mitchell, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before Lyon, P. J.

At the trial the defendant set up as a defense the fact that other insurance had not been indorsed upon the policy as required by the contract of insurance.

Plaintiff's points and the answers thereto among others were as follows:

3. If the jury believe that, after the policy in this case was issued, the secretary of the company was notified by its agent, John Holdeman, that the plaintiff had other insurance on the property described in this policy, and having such knowledge failed to indorse this fact on the policy, and having failed to notify the plaintiff that his policy was canceled and no longer in force, and by its acts and conduct treated the policy as in force for the purpose of collecting assessments upon it or to release premium and assessments already made, and also the pre-

mium note, the jury would have a right to find from these facts the further fact that the policy was in force for the purpose of paying a loss, which might rise thereunder, and for securing the indemnity against loss by fire provided for in this policy. *Answer:* This is affirmed, if you find the facts to be from the evidence as stated in this point. [4]

4. A person taking an application for insurance from another, sending it to an insurance company, receiving from the company and delivering to the applicant the policy applied for, taking the premium note and collecting the premium for the policy, and afterwards collecting an assessment on the policy, giving receipts which the company recognized, and paying over to the company the assessment collected, must be regarded as the company's agent in the transaction. If the jury believes John Holdeman was such an agent of this company, and, on taking the application for insurance from the plaintiff, was informed by the plaintiff that he had $3,000 of other insurance, then it was the duty of Holdeman to so inform the company in order that the proper officer of the company might indorse on the policy notice of such other insurance, and the fraud or mistake of Holdeman, the agent, in failing to so inform the company, will not enable the company to avoid the policy to the injury of the plaintiff, if the plaintiff innocently became a party to the contract. *Answer:* This we affirm; the company could not adopt the acts of its agent so far as it inured to its own benefit and then repudiate it when the other party sought to enforce it. [5]

The court charged in part as follows:

[Now, if Mr. Holdeman, representing this company, had any fraudulent purpose in concealing this fact from the company and did not make it known to them at the time when he presented his application to the company for its acceptance, then the company was bound as soon as it had notice of the fact, to give Mr. Kalmutz notice that it would not be bound by this policy and that he had no right to other insurance, because the company could not avail itself of the act of its agent, and collect the assessments due upon this policy, and at the same time hold it was null and void. It was its duty when it learned this fact (if it did so learn it), that this insurance had existed upon the property from the time that this policy was issued and before the application

was made, to have notified Kalmutz that it would not accept his policy—to have returned his premium note and not to have held out the belief to him that his policy was of binding force and effect.

Now, Mr. Holdeman denies this. He denies that Kalmutz told him that he had additional insurance. He denies that he had any knowledge of the fact until in the month of October, 1894; that when he was there at the place of Mr. Kalmutz, and after he had collected the assessment, which was laid upon this policy for Kalmutz, that it was then that Kalmutz told him that he had additional policies upon this property, and that was the first time he knew of it. Then, he says, he did learn the fact and he communicated it to the secretary of the company at the meeting of the board of directors in the first week of November, I believe, 1894. There is again a discrepancy in the testimony. Mr. Kalmutz testified that when Holdeman called upon him for the assessment, he told him that his policy was of no use; that he had it read, and that he had learned that it was void because there was no notice indorsed upon it in writing that he had other insurance, and he testifies that he did this before he paid the assessment that was levied upon his policy. Now, how is that? There is a conflict in his testimony and it is for you to determine. If the company, after the notice of this fact, and its attention was called to it by its agent, went on and collected this assessment and kept the money, then it would be estopped from denying the validity of the policy; but it could not be estopped unless it did that after it had knowledge of this fact. Now, you will take this case into consideration, and if you find the company had knowledge before it levied an assessment, then it would clearly be liable, but I do not recollect that there is any testimony, and I think there is not, in the case, to show that it had knowledge until after that assessment had been collected and paid over.

Mr. Shepherd: There is no evidence of that kind.

Mr. Wadlinger: We argue there was.

Mr. Shepherd: When?

Mr. Wadlinger: From the statement Holdeman made to Prince in Frank's that he believed he had sent that notice, but was not certain, but said to Kalmutz that in order to make that sure he would put it in his memorandum book and send it there.

The Court: If from any evidence in this case the jury find that such was the fact, that the company had notice before it levied and collected this assessment of this other insurance, it would be estopped from setting up that as a forfeiture of the policy. We submit all the evidence to you, and under the evidence you must determine whether such was the fact or whether it was not. There is considerable conflict in the testimony, and it is for you, and you must determine what the facts are. If on the other hand, you should find that this insurance company had no knowledge that there was other insurance upon this property at the time that it levied and collected this assessment, then it would not be held to have waived that condition of the policy, unless you consider from all the circumstances of the case, that it made no effort to notify Kalmutz, the plaintiff, that it would insist upon it after the knowledge had been communicated to it by their secretary.] [7]

Verdict and judgment for plaintiff for $1,152.80. Defendant appealed.

*Errors assigned* among others were (4, 5, 7) above instructions, quoting them.

*W. F. Shepherd*, for appellant.—Where an insurance policy, as this, requires upon additional insurance being held or being procured that it shall be indorsed on the policy, and unless it is so indorsed the policy is void, then it is incumbent upon the insured to see that it is indorsed upon the policy, otherwise he must take the consequences of nonindorsement: Simpson v. Penn. Fire Ins. Co., 38 Pa. 250 ; Bard v. Penn. Mut. Fire Ins. Co., 153 Pa. 257.

When notice to the company of any particular fact is required, say additional insurance, the party interested in the stock insured, in this case, Kalmutz, was required to give notice to the secretary, and knowledge of such fact by the secretary is required; mere knowledge of. such fact by an agent is not equivalent to notice to the company : Buckley v. Garrett, 47 Pa. 204 ; Inland Ins., etc., Co. v. Stauffer, 33 Pa. 404 ; Com. Ins. Co. v. Sennett, 41 Pa. 164 ; State Ins. Co. v. Todd, 83 Pa. 279 ; Farmers' Mut. Fire Ins. Co. v. Moyer, 97 Pa. 449.

*George J. Wadlinger,* for appellee.—The defendant was estopped : Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475 ; Wilson v. Mut. Fire Ins. Co., 174 Pa. 554 ; Elliott v. Ins. Co., 66 Pa. 22 : Walker v. Lion Fire Ins. Co., 175 Pa. 345 ; Ins. Co. v. Cooper, 50 Pa. 331 ; Meyers v. Ins. Co., 156 Pa. 420 ; Kister v. Ins. Co., 128 Pa. 553 ; Ins. Co. v. Cusick, 109 Pa. 157 ; Eilenberger v. Ins. Co., 89 Pa. 464 ; Arthurholt v. Mut. Ins. Co., 159 Pa. 1 ; Mix v. Ins. Co., 169 Pa. 639 ; McFarland v. Ins. Co., 134 Pa. 590 ; Gould v. Ins. Co., 134 Pa. 570 ; Moyer v. Ins. Co., 176 Pa. 579 ; Light v. Ins. Co., 169 Pa. 315 ; Burkhard v. Ins. Co., 102 Pa. 262 ; Grandin v. Ins. Co., 107 Pa. 26 ; Teutonia Fire Ins. Co. v. Mund, 102 Pa. 89.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 21, 1898 :

The policy in suit contains this provision as to other insurance : " Policies of all other insurance upon property herein described—whether made prior or subsequent to the date hereof —must be indorsed on this policy, otherwise the insurance shall be void." The existence of such other insurance, of which no indorsement was made on the policy, was conceded ; and, in order to avoid the effect of the condition above quoted, the plaintiff undertook to prove that the defendant company, by its own acts, had waived the condition, and was thereby estopped from setting it up as a bar to his recovery. As is usual in such cases, there was more or less conflicting testimony as to what passed between the plaintiff and the defendant's agent at the inception of the contract. In the court below, as well as here, it was forcibly contended on plaintiff's behalf that the testimony referred to was sufficient to warrant the jury in finding such facts as legally constitute an estoppel ; but, inasmuch as the record discloses other undisputed evidence which necessarily leads to the same conclusion, it is unnecessary to consider in detail the conflicting testimony that was submitted to the jury on that question.

The policy in suit was issued in April, 1894, and the last assessment thereon was made in October following. Defendant company's secretary testified that he had notice of the additional insurance on the first Wednesday of November, 1894. Notwithstanding that notice to the company, the policy was neither recalled nor canceled ; the premiums or assessments col-

lected were not returned, nor was any effort made to return the premium note given by plaintiff, binding him to pay the premiums at such times and in such manner as the company's directors might by law require. These facts were admitted; and if, as the authorities appear to hold, they operated as an estoppel, it will be unnecessary to consume time in the consideration of other questions sought to be raised by several of the specifications of error.

On the subject of estoppel, a learned text writer has said: " Where other insurance is required to be indorsed on the policy, if notice thereof is given to the insurer or its agent, and consent is not indorsed, nor the policy cancelled, further compliance is treated as waived, and the insurer is estopped from setting up such other insurance to defeat its liability upon the policy, and the same is true where the same agent issues both policies; although consent is not indorsed upon either policy, yet being issued with knowledge of the facts, the insurer is treated as having waived compliance, and is estopped from setting up nonindorsement in defense. In all cases where the insurer, at the time the policy was issued, knew of other insurance, and there is no agreement for its cancelation or non-renewal, or when notice is given that other insurance has been obtained, it is bound either to indorse consent upon the policy or cancel it, or, failing to do either, it will be treated as having assented thereto:" Wood on Ins. (2d ed.) pp. 1162-1163. On the same subject, in Elliott v. Lycoming County Mutual Ins. Co., 66 Pa. 26, Mr. Justice SHARSWOOD said: "Undoubtedly, if the company, after notice or knowledge of the over-insurance, treated the contract as subsisting, by making and collecting assessments under it from the insured, they could not afterwards set up its forfeiture. It would be an estoppel, which is the true ground upon which the doctrine of waiver in such cases rests." In Wilson v. Mutual Fire Insurance Co., 174 Pa. 557, substantially the same doctrine is applied to the case of additional insurance. In Eureka Ins. Co. v. Robinson, Rea & Co., 56 Pa. 256, it was held that assenting to an assignment of the policy subsequently to a known breach will operate as a waiver. The principle underlying these and other cases of like character is that where the company has knowledge of violation of a condition in the policy and yet continues to treat the policy as in force, it can-

not be permitted to set up such breach to defeat the contract. Presuming that the company did not intend to act dishonestly, the condition is considered as having been waived : Insurance Co. v. Todd, 83 Pa. 279.

In Farmers' Mutual Insurance Co. v. Taylor, 73 Pa. 342, an application was made to the agent of an insurance company for a risk of $4,000 ; the agent, in forwarding the application, said if the company could not take $4,000, he would place $1,000 in another company of which he was agent. The secretary agreed to take only $3,000, and this amount was placed in the first company, and $1,000 in the other, both policies being issued at the same time. The conditions of the first company avoided the policy unless other insurance was indorsed thereon. Eight months thereafter, and before any loss, the agent indorsed the insurance on the policy, notified the company, and no objection was made. This Court, in disposing of the question presented, said : " So far as appears, the defendants were entirely satisfied with the acts of their agent. If they were dissatisfied, then was the time to have indicated it. If they desired to repudiate the policy, then was the time to have done so. They could not, after a full knowledge of the facts, retain the money paid for the insurance and withhold their objections until after the loss, thereby inducing the assured to rely on the validity of his policy." The language of this Court, in Light v. Countrymen's Mutual Fire Insurance Co., 169 Pa. 316, may be aptly applied to the case before us : "This company demanded and received from this plaintiff, as the lawful holder of this policy, all the benefits and advantages which it was entitled to receive under it as a valid, subsisting policy, up until the moment of the fire. It would be a perversion of justice to permit it now to deny its liability and allow it to escape the payment of its just dues under the contract. That is precisely what estoppel means." Further elaboration of the subject is not required. Enough has been said to show that upon the undisputed evidence in the case the learned trial judge would have been warranted in holding, as matter of law, that the defendant was estopped from setting up the condition above quoted as a bar to plaintiff's claim, and in instructing the jury accordingly.

Judgment affirmed.