# Damms *v.* Humboldt Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Sole ownership—Waiver—Estoppel.*

1. Where, at the time of issuing an insurance policy, the company knows that one of the conditions thereof is inconsistent with the facts, and the insured has been guilty of no fraud, the company is estopped from setting up the breach of said condition. The same rule prevails when the insurance company ought to have known the facts constituting the alleged breach.

2. Where at the time of issuing a fire insurance policy the owner submits to the manager of the company for his inspection his deed to the property proposed to be insured, and the deed on its face shows that it was dependent upon a tax title, the company cannot after the destruction of the property by fire, allege that the insured had no title under the tax sale because the property was sold as unseated land, when in fact it was seated.

Argued Oct. 21, 1909. Appeals, Nos. 125 and 126, Oct. T., 1909, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1906, Nos. 480 and 481, on verdict for plaintiff in case of Caroline Damms v. Humboldt Fire Insurance Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before FRAZER, P. J.

At the trial a verdict was returned for the plaintiff for $2,201.50.

On a motion for judgment non obstante veredicto, FRAZER, P. J., filed the following opinion:

This was an action to recover upon a policy of insurance

upon buildings located upon certain real estate situated in Derry township, Westmoreland county, and also personal property contained therein. The testimony showed that the real estate was sold as unseated land at the instance of the treasurer of Westmoreland county for taxes levied against the property for the years 1895 and 1896, and purchased by —— Canfield, the deed of the treasurer of Westmoreland county being dated June 13, 1898. On February 14, 1903, Canfield and wife conveyed the property to plaintiff, who thereupon took possession of and occupied the same until the buildings were destroyed by fire, November 24, 1905. The buildings erected upon the land were a dwelling house, barn, spring house, and other outbuildings, a portion of the land had been cultivated, and the property was occupied by tenants at least for a portion of the years 1895 and 1896.

On or about July 26, 1904, defendant issued to plaintiff a policy insuring the buildings upon the property to the extent of $1,425 and the household furniture contained therein to the extent of $500. Plaintiff's claim is, that the property was entirely destroyed by fire November 24, 1905, with the exception of a spring house which was insured to the extent of $75.00. The insuring of the property was not denied, defendant contending, however, that plaintiff was not the sole and unconditional owner, its claim being that the property was seated land in the years 1895 and 1896, and that Canfield took no title under the sale by the treasurer of Westmoreland county. Plaintiff's answer to this contention was, the defendant was fully aware of the circumstances under which she purchased the property, and also of the nature of her title to the same, she having submitted to the manager of the company at the time the policy was issued the deeds under which she claimed title. Whether the company was aware that plaintiff's interest was dependent upon a tax title was, under the testimony, a question of fact for the jury, which was determined against defendant after being, in our opinion, fairly submitted. We must, therefore, now assume, that the manager of the company had actual knowledge of Mrs. Damms' interest in the property, and the circumstances under which it was acquired.

The reasons relied upon to sustain the motion for judgment non obstante veredicto are (1) the interest of the insured was not that of unconditional and sole ownership, and (2) a waiver of that condition was not made in writing and attached to the policy. The clauses upon which these reasons are based are:

" 1. This entire policy shall be void if . . . . the interest of the insured in the property be not truly stated herein . . . ., or if the interest of the insured be other than unconditional and sole ownership.

" 2. This policy is made and accepted subject to the foregoing stipulations and conditions, and together with such other provisions, agreements, or conditions as may be indorsed or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or other representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

In support of its contention defendant cites Beddall v. Citizens' Insurance Co., 28 Pa. Superior Ct. 600. That case, in our opinion, does not rule this. There the policy was written by an agent with limited authority and was based upon a written application made by the insured which did not convey· to the company the fact that the building insured was located upon leased ground. Under the circumstances of that case it was held the company was not liable. Here, instead of a written application for insurance, the husband of insured visited the office of the company with a person who acted as an agent for the company, and exhibited to the manager of the company the deeds under which plaintiff held title to the property. These deeds fully acquainted the manager of the company with the extent of Mrs. Damms' title to the property, and with that information that officer having issued the policy

we are of opinion this case comes within the rule laid down in Caldwell v. Fire Association, 177 Pa. 492, in which Mr. Chief Justice STERRETT says: "Where, at the time of issuing an insurance policy, the company knows that one of the conditions thereof is inconsistent with the facts, and the insured has been guilty of no fraud, the company is estopped from setting up the breach of said conditions. The same rule prevails when the insurance company ought to have known the facts constituting the alleged breach: Wood on Ins., sec. 497; People's Ins. Co. v. Spencer, 53 Pa. 353."

Under the case last above cited defendant is, in our opinion, estopped from setting up a breach of the condition referred to, if there was a breach, especially as no fraud or bad faith can be rightfully charged to either Mrs. Damms or her husband who acted for her.

And now, May 12, 1909, the motions for judgment non obstante veredicto and for a new trial are overruled.

*Errors assigned* were in refusing binding instructions for defendant and in overruling motion for judgment for defendant non obstante veredicto.

*Charles W. Dahlinger*, for appellants.—None of the conditions set out in the policy can be waived unless it is done in writing indorsed on the policy: Beddall v. Citizens' Ins. Co., 28 Pa. Superior Ct. 600; Moore v. Fire Ins. Co., 141 N. Y. 219 (36 N. E. Repr. 191); Gilbert v. Phœnix Ins. Co., 36 Barbour, 372; Conway Tool Co. v. Hudson River Ins. Co., 66 Mass. 144; Parker v. Ins. Co., 162 Mass. 479 (39 N. E. Repr. 179); Northam v. Ins. Co., 166 N. Y. 319 (59 N. E. Repr. 912); Pottsville Mut. Fire Ins. Co. v. Horan, 11 W. N. C. 198; Allegheny County Workhouse v. Moore, 95 Pa. 408; Abington Dairy Co. v. Reynolds, 24 Pa. Superior Ct. 641.

*L. K. Porter*, with him *S. G. Porter* and *Frank H. Kennedy*, for appellee.—This case comes within the rule laid down in Caldwell v. Fire Ins. Assn., 177 Pa. 492. See also People's Ins. Co. v. Spencer, 53 Pa. 353; Philadelphia Tool Co. v. As-

surance Co., 132 Pa. 236; Imperial Fire Ins. Co. v. Murray, 73 Pa. 13.

Contracts of insurance should be liberally construed in aid of the indemnity which was contemplated by the parties: McKeesport Machine Co. v. Ben Franklin Ins. Co., 173 Pa. 53.

PER CURIAM, January 3, 1910:

These cases were tried together and involve the same questions. The judgment in each is affirmed on the opinion of the learned judge of the common pleas.