# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Russell, Appellant, v. Farmers Mutual Fire Insurance Co.

*Insurance—Fire insurance—Prohibition of other insurance—Estoppel—Waiver—Authority of agent.*

1. Where an insurance company delivers a policy of fire insurance to the insured knowing of the existence of other insurance on the premises, the company waives a condition in the policy that, if there is other insurance, the policy shall be void; and this is so though no waiver is endorsed on the policy.

2. An agent of an insurance company who has authority or power to consent to additional insurance, and, at the time he writes and delivers a policy, has knowledge that the insured has other insurance on the same property, his knowledge binds the company, in the absence of fraud, and the company is estopped to claim the invalidity of the policy on such grounds, notwithstanding any provisions to the contrary.

3. Where a fire policy provides that it shall be void if the insured has other insurance, and the agent, with proper authority, delivers the policy with knowledge of other insurance on the same premises, such policy is a valid policy of insurance rendering void a previous policy in another company, which provided that "insuring in any other company will make insurance null and void in this."

*Appeals—Practice—Agreement as to facts—Evidence—Printing testimony.*

4. On appeal, it is proper and commendable practice for the parties to agree, if they so desire, that the facts necessary for the

VOL. CCLXXII—1 (1)

determination of the case are contained in the opinion of the court below, and are correct; that questions raised below were not disposed of, because they became immaterial upon the decision of the point that was considered; that if the Supreme Court determines the decision of the lower court on the question considered is correct, the judgment shall be affirmed; that if the Supreme Court decides the contrary, the record shall be remitted for appropriate action; that certain testimony specifically referred to is printed in the appendix, and that the printing of the other testimony and exhibits in the case is dispensed with as being immaterial to the decision of the question involved in the appeal.

Argued September 30, 1921.  Appeal, No. 53, Oct. T., 1921, by plaintiff, from order of C. P. Mercer Co., June T., 1916, No. 78, entering judgment for defendant n. o. v., in case of F. B. Russell v. Farmers Mutual Fire Ins. Co.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.  Affirmed.

Assumpsit on fire insurance policy.  Before Mc-Laughry, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,002.  Judgment for defendant n. o. v.

*Error assigned,* among others, was order, quoting it.

W. W. Moore, with him J. W. Nelson, for appellant.— The agent had no authority to waive the provision of the policy: Mitchell v. Ins. Co., 51 Pa. 402; Bard v. Ins. Co., 153 Pa. 257; Hook v. Ins. Co., 160 Pa. 229; Beddall v. Ins. Co., 28 Pa. Superior Ct. 600; Hottner v. Ins. Co., 31 Pa. Superior Ct. 461.

W. C. Pettit, for appellee, cited: Clymer Opera Co. v. Ins. Co., 238 Pa. 137; Damms v. Ins. Co., 226 Pa. 358; Caldwell v. Fire Assn., 177 Pa. 492; Clymer Opera Co. v. Ins. Co., 50 Pa. Superior Ct. 639.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1922:

Plaintiff sued to recover on a policy of fire insurance; at trial, the parties agreed that the jury should find the amount of loss and the court determine the question of legal liability. The loss was found to be $2,002, but judgment was entered for defendant because, on the facts involved, it was not liable in law. Plaintiff has appealed.

The opinion of the trial tribunal so well states the case that we shall quote rather fully therefrom, substituting the word "defendant" for the name of that company where it is used by the court below: "Plaintiff, F. B. Russell, took out the policy of insurance in defendant company, July 12, 1914. May 8, 1915, he took out the following additional policies: Pennsylvania Fire Insurance Co., $5,000; Delaware Underwriters, $5,500; Liverpool, London and Globe Insurance Co., $5,000. All of these policies cover the buildings and personal property on plaintiff's farm, including a barn. On the 13th of August, 1915, the barn was destroyed by fire. Defendant's policy contains the following clause: 'This company will not insure any property that is insured in any other company, and insuring in any other company will make insurance null and void in this.'

"Each of the three additional policies contains the following: 'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy......This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements and conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be subject of

agreement hereon or added hereto, and, as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.'

"It is evident that, from the 12th day of July, 1914, when defendant issued its policy of insurance to F. B. Russell, to May 8, 1915, when additional policies were taken out in other companies, the policy in suit was binding on defendant. If this insurance ceased to be binding on that date, it was because of the violation of that part of the contract of insurance, by the insured, which states that 'insuring in any other company will make insurance null and void.' Did plaintiff have other insurance after the 8th of May, 1915, when he took out the three policies, or was the contract of insurance in each of these policies defeated as soon as made because of conditions contained in [such] contracts. Each of these policies declared the insurance void if the insured had other contracts of insurance upon the same property, 'unless otherwise provided by agreement endorsed thereon or added thereto.'

"It is clear that plaintiff had a contract of insurance with defendant company [the policy in suit] at the time the contracts [with the other companies] were made: it is also clear that no written permit for other insurance was placed on any of the [latter] policies. From these uncontradicted facts it [might] seem that the plaintiff obtained no additional insurance on the 8th of May, 1915 [when he took out the three additional policies], because of the provisions or conditions in those contracts, and, therefore, there was no forfeiture of contract with defendant company. But [to meet this position], it is claimed by defendant company that the Pennsylvania Fire Insurance Company, from which Mr.

Russell secured the first additional policy, is estopped from setting up the lack of a written permit for other insurance on its policy because its policy was issued with knowledge that the insured had other insurance.

"It was admitted at the trial that S. T. Borland was the agent who countersigned, wrote and delivered the policy for the Pennsylvania Fire Insurance Company, and at the time the policy was issued plaintiff mentioned something about having insurance in defendant company or that he was going to drop it. From this admission we conclude that Mr. Borland, at the time this policy was issued, had knowledge of the insurance in the defendant company. Would this knowledge......waive compliance with the provisions of the policy requiring a written indorsement? That the conditions in the policy may be waived there can be no doubt (Wood on Insurance, 2nd ed., p. 1162)......Where a policy of insurance reads that 'this entire policy unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance. whether valid or not, on property covered in whole or in part by this policy'; and the insurer delivers the policy to the insured knowing the existence of other insurance on the premises, the insurer waives the condition though no waiver is indorsed on the policy [citing and quoting from Kalmutz v. Northern, etc., Ins. Co., 186 Pa. 571, 576; Sitler v. Spring Garden, etc., Ins. Co., No. 2, 18 Pa. Superior Ct. 148, 152].

"When Mr. Borland testified plaintiff told him at the time the policy was issued 'that he either had insurance in the Delaware Mutual (a name commonly given to the defendant company) or that he was going to drop it,' this was notice to the Pennsylvania Fire Insurance Company that plaintiff had other insurance. If he said he 'had it' that would be direct and positive information. If he said he was 'going to drop it,' no other conclusion could be reached but that he had it at that time. The

agent could then have done one of two things, either re-
fuse to write the policy or he could have placed in the
policy the words 'other insurance permitted'; but he did
neither.  He delivered the policy to the insured, and
received the premiums with knowledge that the insured
had other insurance......

"If an agent of an insurance company has authority
or power to consent to additional insurance, and, at
the time he writes and delivers a policy, has knowledge
that the insured has other insurance on the same prop-
erty, his knowledge binds the company, in the absence of
fraud, and it is estopped to claim the invalidity of the
policy on such grounds, notwithstanding any provisions
of the policy in that regard (Farmer's Mutual Ins. Co. v.
Taylor, 73 Pa. 342; Mentz v. Ins. Co., 79 Pa. 475; Kal-
mutz v. Ins. Co., 186 Pa. 571; and Davis v. Ins. Co., 74
Pa. Superior Ct. 92) ; but there are Pennsylvania cases
which may seem to have decided otherwise.  How are
these cases to be distinguished from others taking an
opposite view?  Where is the difference?  Referring only
to cases where the question of additional insurance is at
issue, we think the difference is this: Where the agent
has the power or authority to dispense with the con-
ditions in the policy and to consent to additional insur-
ance by indorsement, then his powers relate to the very
subject out of which the estoppel arises, and knowledge
to such an agent is knowledge to the principal [see cases
last cited above] ; but where the person charged with
knowledge has no such power or authority, knowledge
obtained by him is outside of the course of his employ-
ment and is not the knowledge of the insurer [citing, as
cases in this class, Mitchell v. Lycoming, etc., Ins. Co.,
51 Pa. 402, 411; Bard v. Penn Mutual, etc., Ins. Co., 153
Pa. 257, 262; Hook v. Mutual Ins. Co., 160 Pa. 229, 231].

"We are of opinion that on the 8th of May, 1915,
plaintiff took out valid insurance in the Pennsylvania
Fire Insurance Company, and, therefore, at that moment
the policy of defendant company became null and void."

When the case came to us on appeal, the following agreement of counsel was placed on the record: "It is agreed that the facts necessary to the determination of this appeal are contained in the opinion of the court below, and that the facts as therein stated are correct. Questions were raised in the case which the court did not dispose of because they became immaterial upon the decision of the point that was considered in the opinion. It is agreed that, if the Supreme Court determines the decision of the lower court on the question considered is correct, the judgment shall be affirmed, and that, if the Supreme Court decides the lower court erred in the decision of the question considered, then the record shall be remitted to the lower court with directions to consider and decide the other question involved. It is also admitted that the only testimony in the case concerning the authority of Mr. Borland is the testimony of Mr. Borland which is printed herewith, and the policy of the Pennsylvania Fire Insurance Company, which was issued, countersigned and delivered by Mr. Borland to the plaintiff in this case, and the admission of the plaintiff that Mr. Borland had the right and authority to write in the policy the words, 'Other insurance permitted.' The printing of the other testimony and exhibits in the case is dispensed with as being immaterial to the decision of the question involved in this appeal."

The practice pursued, as shown by the above agreement, is commended, and called to the attention of the bar, in the hope that it may be employed more frequently.

The case was correctly determined and well disposed of by the court below; but, in addition to those already cited, we note the following relevant authorities: Clymer Opera Co. v. Flood, etc., Ins. Co., 238 Pa. 137; Caldwell v. Fire Association, 177 Pa. 492; Damms v. Humboldt Fire Ins. Co., 226 Pa. 358.

The judgment is affirmed.