Margaret McGuire *v.* Home Life Insurance Company of America, a Corporation, Appellant.

Argued October 10, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

458

*Raymond A. White,* and with him *Maurice W. Sloan,* for appellee, cited: March v. Metropolitan Life Ins. Company, 186 Pa. 629; Stawartz v. Western Life Indemnity Company, 89 Pa. Superior Ct. 109; Pottsville Mutual Fire Insurance Company v. Fromm, 100 Pa. 347.

*Lionel Teller Schlesinger,* for appellee, cited: Kalmutz v. Northern Mut. Ins. Co., 186 Pa. 571; Brumbaugh v. Fire Insurance Company, 20 Pa. Superior Ct. 144; Damms v. Humboldt Fire Ins. Co., 226 Pa. 358.

OPINION BY GAWTHROP, J., November 21, 1928:

This is an action on a policy of life insurance. The court below gave binding instructions for plaintiff, and defendant appeals from the refusal of its motion for judgment non obstante veredicto.

On August 10, 1909, the company issued to Catharine McGuire a $100 policy of insurance on her life. On September 29, 1925, it issued another policy to her in the sum of $500. This policy contained the provision: "This policy is void if any policy on the life of the assured has been issued by this company and is in force at the date hereof, or having been lapsed is reinstated subsequent to the date hereof, unless this policy contains an endorsement signed by the secretary, that such policy may be in force. The

company shall not be presumed or held to know of the existence of any previous policy and in such case the issue of this policy shall not be deemed a waiver of this provision." The second policy did not contain any such endorsement by the secretary. After it was issued and delivered, one agent of defendant collected the weekly premiums on both as they fell due. The assured died February 11, 1927. On that date both policies were paid up. Proofs of death were duly made by plaintiff, the beneficiary named in the policies. Defendant paid the sum due under the first policy, but resists payment of the second policy on the ground that it was void because the consent of defendant's secretary to its issuance was not endorsed thereon as required by the above quoted provision of the policy.

The opinion of the court below so fully vindicates his holding as matter of law that under the admitted facts defendant was estopped from asserting that clause of the contract, that we shall quote rather fully therefrom. "The reason for this rule is obvious, and is founded upon the inherent equities of the situation. It would be unconscionable to permit a company to issue a policy under circumstances which it knew rendered the policy void, and then to accept and retain premiums under such a void policy. Neither law nor good morals would justify such conduct, and the doctrine of equitable estoppel is peculiarly applicable to this situation. The value of such a clause arises when the prior insurance is in another company, of which the second company could not be expected to have notice. The clause becomes a pitfall for the trusting insured when it is applied to prior insurance in the same company. The cases in which the clause is enforced will be found upon inspection to turn upon the existence of a real imposition upon the company by the insured. If the company was not actually im-

460

posed upon, the courts would have been quick to give relief to the insured upon the theory of waiver by estoppel ...... We hold that an insurance company will not be permitted to accept premiums under a policy, which it knows to be void, until the death of the insured, and then seek to avoid responsibility under it, by appealing to an equivocal agreement that it shall not be held to know what it does in fact know. A provision that there shall be no waiver under such circumstances amounts to an attempt to set aside the wholesome requirement of law, that good conscience must prevail in dealings between citizens." As supporting this conclusion see generally Kalmutz v. Ins. Co., 186 Pa. 571; Damms v. Humboldt Fire Ins. Co., 226 Pa. 358; Clymer Opera Co. v. Flood City Mutual Ins. Co., 238 Pa. 137; Russell v. Farmers Mutual Fire Ins. Co., 272 Pa. 1; and Thomas v. Employers Liability Ins. Corp., 288 Pa. 325. Further elaboration of the subject is not required.

The judgment is affirmed.