Azon *v*. Firemen's Insurance Company of Newark, New Jersey, Appellant.

454

Argued December 10, 1928.

Before Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Arthur L. Shay*, for appellant.—Where an insured applies orally to an agent for fire insurance on a building located on leased land, of which fact the agent is aware, but the company is not informed, the insured cannot recover upon the policy, there being no agreement in writing that the insured was not sole owner in fee as required by the policy: Beddall v. Citizens Insurance Co., 28 Pa. Superior Ct. R. 600; Murphy v. Prudential Ins. Co., 30 Pa. Superior Ct. 560; Seitz v. Scottish Union & Nat'l Ins. Co., 37 Pa. Superior Ct. 261; Chaney v. Farmers' Fire Ins. Co., 32 Pa. Superior Ct. 479; Devaney v. Northwestern N. Ins. Co., 64 Pa. Superior Ct. 516; Damms v. Humboldt Fire Ins. Co., 226 Pa. 358.

*B. V. O'Hare*, and with him *J. C. Gaughan*, for appellee.—Where a policy of fire insurance is issued

without a written application, and the authorized agent knows that the covenant as to unconditional and sole ownership in the insured is inconsistent with the facts and the insured has been guilty of no fraud or misrepresentation, the company is estopped from setting up the breach: Clymer Opera Company v. Birmingham Fire Ins. Co., 50 Pa. Superior Ct. 639; Caldwell v. Fire Association, 177 Pa. 492; Hoffman v. Mutual Fire Insurance Co., 274 Pa. 292.

OPINION BY LINN, J., March 1, 1929:

This appeal is from the refusal of judgment n. o. v. in a suit on a fire insurance policy. The property insured was a stable; total destruction by fire was admitted. The stable stood on leased land. The single question is whether the fact that the stable stood on leased land prevents recovery in the circumstances disclosed in the record. The policy provided:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple."

It also provided:

"No one shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement added thereto; nor shall any such provision or condition be held to be waived unless such waiver be in writing added thereto ...... nor shall any privilege or permission affecting the insurance hereunder exist or be claimed by the insured unless granted herein or by rider added hereto."

It is conceded that the policy bore no endorsement that the title to the fee of the land was in another. Appellant contends that the provisions quoted bar recovery. Appellee contends that as the policy was

issued pursuant to oral application made to defendant's insurance agent who was informed before the insurance was issued that the stable was on leased land, there was no misrepresentation, and that the appellant may not rescind its contract after loss, and in support of his position refers to Clymer O. Co. v. Insurance Co., 238 Pa. 137, and Hoffman v. Insurance Co., 274 Pa. 293. It is not suggested that there was any fraud in obtaining the policy.

We agree with the learned court below in holding that the cases relied on by plaintiff govern. The Clymer case is precisely like this, in that the policy was issued on an oral application by an agent who was informed that the insured property stood on leased ground, and that such fact was not noted on the policy notwithstanding that it contained provisions (such as are quoted above from the policy in suit) requiring it and providing against waiver. That case was specifically approved in the Hoffman case. In view of those decisions discussion here is unnecessary, though we may add that in the case confidently relied on by appellant (Beddall v. Citizens Ins. Co., 28 Pa. Superior Ct. 600) the policy was issued pursuant to written application and it was "at least doubtful whether the agent had any intimation that the building insured stood on leased ground" (p. 606), two facts rendering the case inapplicable.

Judgment affirmed.