Gregory *v.* Hoosier Casualty Company, Appellant.

Argued April 22, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harold E. McCamey,* of *Dickie, Robinson & McCamey,* for appellant.

*John J. Kennedy,* for appellee.

OPINION BY STADTFELD, J., July 10, 1936:

This is an action of assumpsit by Emanuel Gregory against the Hoosier Casualty Company on a policy of accident and health insurance for certain payments alleged to be due thereunder by reason of a period of disability following a hernia which the plaintiff suffered on September 12, 1932. An affidavit of defense was filed by the defendant, stating that it was not liable under the policy which was void by reason of the fact that the plaintiff had falsely stated in his application, which was a part of the policy, that he had no other accident or health insurance, when in fact, he had such a policy in force with the Federal Life and Casualty Company, and that the application warranted the truth of the answers to the questions therein. The case

was heard on November 14, 1934, by PIEKARSKI, J., without a jury, who found in favor of the plaintiff in the sum of $182.50 with interest from December 17, 1932. The defendant filed a motion to open judgment and for judgment upon the whole record. The court en banc, consisting of McKIM, PIEKARSKI and McBRIDE, JJ., refused the defendant's motion and entered judgment for the plaintiff and against the defendant, from which entry of judgment this appeal is taken.

On June 6, 1932, plaintiff was solicited for insurance by Andrew Potous, the Pittsburgh District Manager and agent for defendant company. Before filling out the application, Potous was shown and read the policy in the Federal Life and Casualty Company, and in answer to question 8 in the application as to whether plaintiff had other accident or health insurance, wrote the answer "No". The policy was delivered to plaintiff by Potous on June 8, 1932.

At the hearing, it appeared plaintiff had settled his claim against the Federal Life and Casualty Co. for $25.

A number of letters were offered in evidence ex parte plaintiff—three from Potous, Manager, to plaintiff, dated Dec. 28, 1932, Jan. 16, 1933 and Feb. 13, 1933; one from H. W. Ray, Superintendent of claims of defendant company to plaintiff, dated November 25, 1932; one from Paul M. Ray, adjuster, to plaintiff, dated Dec. 3, 1932; two from H. W. Ray, Superintendent of claims to plaintiff's attorney, dated Jan. 27 and Jan. 31 of 1933. The only question discussed therein was as to the amount of compensation to which plaintiff was entitled; in one, that of Dec. 28, 1932, the company asks for additional proof of claim. In none of them is there reference made to the insurance in the Federal Company.

The trial judge found that there was no actual intent to deceive. This finding has the force and effect

of a verdict of a jury. In the opinion for the court en banc, the court further found that the policy in the Federal Life and Casualty Company is a "health and accident policy of a very limited form and not contemplated generally as a health and accident policy."

An examination of the Federal policy indicates that it is one of those very limited policies such as are often issued by newspapers to its subscribers where, for a purely nominal sum, there is insurance against a very limited class of risks. At all events, this policy was shown to and read by Potous, District Manager and agent of defendant company, and if his interpretation was that it was not "other accident and health insurance," as intended to be elicited in answer to question 8 in the application, the company should not be permitted to defend on the ground of an alleged false answer.

At all events, Potous, District Manager and Agent, had notice and knowledge of the Federal policy, and his knowledge must be imputed to the company and the latter is estopped from setting up violation of the warranty under the circumstances.

In the case of *Headley's Express and Storage Co., Inc. v. Pennsylvania Indemnity Corporation*, 319 Pa. 240, 178 A. 816, the Supreme Court, in an exhaustive opinion by Mr. Justice DREW, held: that knowledge or notice on the part of the agent is to be treated as notice to the principal where it is the duty of the agent to communicate such knowledge or notice and it is acquired while he is acting on the business of his principal. See also *Caldwell v. Ins. Co.,* 177 Pa. 492, 35 A. 612; *Bowman v. Ins. Co.*, 203 Pa. 150, 52 A. 87; *Brumbaugh v. Ins. Co.*, 20 Pa. Superior Ct. 144.

The record is barren of any evidence tending to show deceit or misrepresentation on plaintiff's part.

"...... the delivery of a policy, with knowledge by the agent that conditions stipulated as essential to its

validity did not exist, constitutes a waiver of such conditions:" Couch Cyclopedia of Insurance Laws, Vol. 3, see 530 d., citing *Southern Life Insurance Co. v. Ransom,* 149 Ark. 517.

"Errors material to the risk in an application for insurance, even though of sufficient gravity to amount to a material misrepresentation or a breach of warranty, cannot be set up by the insurer in defense to an action on the policy, if it appears that the misrepresentations or omissions were made by its agent with full knowledge of the true facts, and that the insured has not been guilty of any bad faith: Couch, supra, Vol. 4, Sec. 842h.

"...... and if the agent prepares the application of the insured or makes any representation as to the character or effect of the statements of the application, he will be regarded, in doing so, as the agent of the company and not of the insured:" Couch, supra, Vol. 2, see 492 citing, inter alia, *Union M. L. Ins. Co. v. Wilkinson,* 13 Wall (U. S.) 222, which contains a full and careful consideration of this question; *New Jersey M. L. Ins. Co. v. Baker,* 94 U. S. 610.

"Again, where answers to questions in the application ...... or insurance in other companies, are all correctly stated to the agent, who writes them according to his own view of their bearing and legal effect, the insured relying entirely on the agent's experience in such matters, the policy is not void because such matters are not truly set forth in the application": Couch, supra, Vol. 4, sec. 842R, citing, inter alia, *Eames v. Home Ins. Co.,* 94 U. S. 621; *Hawkins v. Southwestern M. F. Ins. Co.,* 80 W. Va. 773.

We believe that the case was properly disposed of by the lower court.

The assignments of error are overruled and judgment affirmed.