Francois *v.* Automobile Insurance Company of Hartford, Connecticut, Appellant.

Argued March 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*John M. Reed,* for appellant.

*Thomas P. Nee,* with him *Martin A. Flanagan,* for appellee.

OPINION BY MR. JUSTICE HUGHES, May 22, 1944:

Pauline Francois brought an action in assumpsit to recover on a policy of insurance dated March 16, 1939, insuring against loss or damage to certain "musical instruments and articles of equipment pertaining thereto as are listed below, the property of the assured . . . Mrs. Pauline Francois." At the trial the evidence disclosed that G. M. Francois, the husband of the plaintiff, died January 19, 1938, possessed of certain musical instruments. In his will Pauline Francois was named

executrix and she proceeded with the administration of his estate, probating the will February 10, 1938. On March 28, 1938, she filed an inventory showing, among other assets, a stock of violins and other musical instruments which included those insured under the policy on which this suit is brought. On March 16, 1939, the plaintiff, intending to transport the instruments to New York City and other places for exhibition, had the policy in question issued. On March 18, 1939, the automobile in which the insured musical instruments were being transported, was wrecked, and the instruments were destroyed by fire. At this time Pauline Francois was continuing in the administration of the estate of her husband, there still being some unpaid creditors. These creditors were fully paid through advancements made by her in the amount of $7,358.07, and on December 2, 1941, the Orphans' Court entered a decree distributing the balance of the estate, $25,101.70, to the plaintiff as the widow and sole legatee of G. M. Francois, deceased. The verdict of the jury was for the plaintiff. The defendant is asking for judgment non obstante veredicto.

It is contended that the plaintiff did not have an insurable interest of the kind described in the policy "on musical instruments and articles of equipment pertaining thereto as are listed below, the property of the assured . . . Mrs. Pauline Francois." The appellant in its brief submits the question is not whether the insured had an insurable interest, but whether there is an insurable interest *of the kind* described in the policy. Since the policy designated the insured as "owner" and the articles insured as "the property of the assured", it is claimed there can be no recovery unless legal or equitable ownership of some character is shown; a contingent interest being only an insurable interest where the nature of such interest appears in the policy. We must examine the circumstances under which this policy was written. The agent of the defendant company, knowing of the plaintiff's intention to ship these violins to New York City by automobile, solicited the insurance from

her. The policy was issued on a verbal application and payment of the premium was made on the same day. When the policy was delivered the amount of the premium was receipted on the face of the policy. The insurance agent was familiar with the business of Gabriel Francois, frequently visited his shop, knew of his death, knew the plaintiff was executrix of the estate, and on a number of occasions prior to this one had issued, in each instance, a policy to Pauline Francois, individually, insuring these same instruments. The knowledge of this agent was tantamount to knowledge of the defendant company: *Kocher v. Kocher et al.,* 300 Pa. 206, 215, 150 A. 468, and when the policy was issued without application and the agent authorized by the company to write the policy knows that one of its conditions is inconsistent with the facts and the insured has been guilty of no fraud or misrepresentation, the company is estopped from setting up the breach of said condition: *Clymer Opera Co. v. Flood City Mutual Fire Ins. Co.,* 238 Pa. 137, 141, 85 A. 1111; *Headley's Express & Storage Company, Inc., v. Pennsylvania Indemnity Corporation,* 319 Pa. 240, 245, 178 A. 816; *Jabs v. Lancaster County Mutual Fire Insurance Company,* 101 Pa. Superior Ct. 498. The agent having all of the facts and knowing the very manner in which he prepared the policy would entirely frustrate the purpose of the party applying for the insurance protection, the company will not be allowed to avoid payment due to the improper act of its agent in not properly setting forth the insurable interest it was intended by the insuring party to have covered: *First National Bank v. Newark Fire Insurance Company,* 118 Pa. Superior Ct. 582, 180 A. 163.

Another reason assigned for defendant's motion is that the policy is void by reason of false swearing in the proofs of loss as to ownership. The proof of loss filed by the plaintiff under oath read: "The property insured belonged at the time of the loss to Mrs. Pauline Francois and no other person had any interest therein except as

follows: None. And there was no assignment, transfer or incumbrance, or change of ownership, of the property insured, since the issue of said Policy, except as follows: None. Of the property insured there is held in trust or on commission the following, of which the names of the owners, marks and numbers and the insurance, if any, held by the owners or consignors, are None." Included in the proof of loss was an itemized list of the instruments destroyed and in a footnote thereto appears: "All of the above property was acquired by Pauline Francois upon the decease of her husband, G. M. Francois." The defendant contends that plaintiff concealed and misrepresented a material fact, for under the facts, at the time the policy was issued, she had no legal or equitable title to the property insured, holding it solely in a representative capacity as executrix of her husband's estate. She had an insurable interest in the property even though she had no title. She had advanced sums of money in payment of debts of the estate in order to preserve the assets in kind and she was entitled to be substituted for creditors whose claims she had paid. She was also the sole beneficiary under the will. Her mistake as to the nature of her interest is not concealment or misrepresentation as a matter of law. The plaintiff made a bona fide effort to comply with the stipulations in the policy requiring proofs of loss. The insurer retained them, without making any objection to their sufficiency. It was the insurer's duty to inform the insured in what way the proofs of loss were defective and give her an opportunity to correct them, otherwise its silence will be held as a waiver of such defects in the proofs: *Wakely v. Sun Insurance Office of London, England,* 246 Pa. 268, 272, 92 A. 136. Proofs of loss in which honest mistakes have been made are open to explanation: *Lebanon Mutual Insurance Company v. Kepler,* 106 Pa. 28. The verdict of the jury was proper and is herewith sustained.

Judgment **affirmed.**