### Pusti *v.* Nationwide Mutual Insurance Company, Appellant.

Argued April 21, 1964. Before BELL, C. J., COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*J. Thirwall Griffith,* for appellant.

*Arthur D. Dalessandro,* with him *Joseph J. Us-tynoski* and *Anthony C. Falvello,* for appellee.

OPINION BY MR. JUSTICE COHEN, October 7, 1964:

John J. Pusti, Jr. purchased four automobile collision policies from appellant Nationwide Mutual Insurance Company (Nationwide) in 1958. All were purchased through the same agent and were identical. Each policy covered a separate automobile owned by him. For an additional five dollar premium, each policy had attached to it a family compensation rider.[1] Under that rider, Nationwide agreed to pay, irrespective of fault, scheduled benefit amounts for bodily injury, sickness, or death caused by an automobile to the following classes of persons: (Part A) to *any person* injured by the *particular automobile* described in the policy; (Part B) to *any person* injured by the use of *any other automobile operated* by Insured, his spouse and servants; and (Part C) to *Insured,* his spouse and *certain relatives* injured by any *other auto-*

---

[1] "1. Family Compensation

"To pay, in accordance with the schedule . . . to or for the benefit of:

"(A) Any person who suffers bodily injury, sickness, disease or death by reason of any accident arising out of the ownership, maintenance or use of the described automobile. . . .

"(B) Any person who suffers bodily injury, sickness, disease or death by reason of any accident arising out of the use of any other land motor vehicle by the Policyholder or spouse of such individual if a resident of his household or while such other land motor vehicle is being operated by a servant on behalf of the Policyholder or such spouse. . . .

"(C) The Policyholder, and while residents of his household, his spouse, and the relatives of either who by accident suffer bodily injury, sickness, disease or death;

"(1) by being struck by any other land motor vehicle . . .

"Payments to or for the benefit of any one person made either under (A), (B), or (C) above shall discharge all liability of the Company for Family Compensation Insurance to that person under this or any other policy."

*mobile.* Each rider contained the following provision (Limitation Provision) : "Payments to or for the benefit of any one person made either under [part] (A), (B), or (C) shall discharge *all liability* of the Company *for Family Compensation Insurance* to *that* person *under this or any other policy."* (Emphasis supplied).

Pauline C. Pusti, John's mother, was struck and killed by an automobile and John (Administrator) is the administrator of her estate. It is conceded that the estate is entitled to recover only under Part (C). Each family compensation rider provides for a death payment of $5,000. The question raised is whether her estate is entitled to recover $5,000 under each rider for a total of $20,000 or whether her estate is limited to a total recovery of $5,000, i.e., limited to a recovery under one rider only.

The case was submitted to the lower court on the basis of the facts pleaded and admitted. The lower court rendered judgment for the estate in the amount of $20,000 and Nationwide appealed.

We agree with the lower court that the language of the Limitation Provision is clear and express and would normally relieve Nationwide from liability under the additional policy riders. Therefore, if we were involved solely with the interpretation of the insurance contract, there would be no question but that we would be compelled to find that the estate could recover under only one rider.

However, Administrator argues that Nationwide is estopped from asserting the Limitation Provision by its acceptance of the full five dollar premium for each of the riders to the second, third, and fourth policies since it knew of the existence of all the riders and of the Limitation Provision. Administrator bases his estoppel argument on the contention that Nationwide provided no additional coverage by virtue of the addi-

tional riders. Such is not the circumstance. *The coverage under Part (A) of each rider is in addition to that provided by Part (A) of every other rider since each of the Part (A) coverages is restricted to the one automobile specifically described in that policy.* Further, the coverage of Part (A) may well have been the major inducement for the purchase of the additional family compensation riders since Part (A)'s combined coverage of persons injured, cause of injury and relationship of insured to a person injured is more extensive than that of Parts (B) and (C). Hence, this is not a situation where the insurer collects a premium and provides no benefits for that premium.

The lower court found for the estate relying heavily on *Telesky v. Fidelity Guaranty Fire Corporation,* 140 Pa. Superior Ct. 457, 13 A. 2d 899 (1940) and *McGuire v. Home Life Insurance Company of America,* 94 Pa. Superior Ct. 457 (1928). We have carefully analyzed these and similar insurance cases involving estoppel[2] and find that doctrine here wholly inapplicable. In

---

[2] *Francois v. Automobile Insurance Company of Hartford, Connecticut,* 349 Pa. 360, 37 A. 2d 525 (1944); *Headley's Express & Storage Company, Inc. v. Pennsylvania Indemnity Corporation,* 319 Pa. 240, 178 Atl. 816 (1935); *Kocher v. Kocher,* 300 Pa. 206, 150 Atl. 468 (1930); *Evans v. Metropolitan Life Ins. Co.,* 294 Pa. 406, 144 Atl. 294 (1928); *Central Market Street Company v. North British & Mercantile Insurance Company of London and Edinburgh,* 245 Pa. 272, 91 Atl. 662 (1914); *Clymer Opera Co. v. Flood City Mutual Fire Ins. Co.,* 238 Pa. 137, 85 Atl. 1111 (1913); *Damms v. Humboldt Fire Insurance Company,* 226 Pa. 358, 75 Atl. 607 (1910); *Samuel Kalmutz v. The Northern Mutual Insurance Company of Lancaster County,* 186 Pa. 571, 40 Atl. 816 (1898); *I. C. Caldwell v. Fire Association of Philadelphia,* 177 Pa. 492, 35 Atl. 612 (1896); *Harry Wilson v. Mutual Fire Insurance Co. of Montgomery,* 174 Pa. 554, 34 Atl. 122 (1896); *Ezra H. Light v. The Countrymen's Mutual Fire Insurance Company of Lebanon Co., Pa.,* 169 Pa. 310, 32 Atl. 439 (1895); *Phila. Tool Co. v. British Am. Assurance Co.,* 132 Pa. 236, 19 Atl. 77 (1890); *Mentz*

each of the cases applying estoppel three essential elements were present: (1) a policy condition (2) which policy condition would void the entire policy and frustrate the entire purpose of the insured, and (3) the insurer's knowledge that the policy condition was inconsistent with the facts of the insured's situation. As demonstrated below, these elements are not present in the instant case; therefore, the case authorities do not support a finding of estoppel here.

First, a policy condition was present in each of the cases applying estoppel. In the majority of these cases the condition in issue stated that the policy was void if the policyholder had other insurance which was not

---

v. *Lancaster Fire Insurance Co.*, 79 Pa. 475 (1876); *The Farmers' Mutual Insurance Co. v. Taylor*, 73 Pa. 342 (1873); *Howard Fire Insurance Co. v. Bruner*, 23 Pa. 50 (1854); *Moliere v. The Pennsylvania Fire Insurance Company*, 5 Rawle 342 (1834); *Gregory v. Hoosier Casualty Company*, 123 Pa. Superior Ct. 104, 186 Atl. 278 (1936); *First National Bank of Charleroi v. Newark Fire Insurance Co.*, 118 Pa. Superior Ct. 582, 180 Atl. 163 (1935); *Jabs v. Lancaster County Mutual Insurance Company*, 101 Pa. Superior Ct. 498 (1931); *Azon v. Firemen's Insurance Company of Newark, New Jersey*, 95 Pa. Superior Ct. 453 (1929); *Davis v. Home Insurance Co.*, 74 Pa. Superior Ct. 92 (1920); *Porter v. Insurance Company of North America*, 29 Pa. Superior Ct. 75 (1905); *Sitler v. Spring Garden Mutual Fire Insurance Company of York*, 18 Pa. Superior Ct. 148 (1901).

Cases in other jurisdictions involving factual situations closely similar to the case at bar include: *Kingman v. Nationwide Mutual Insurance Company*, 243 S.C. 405, 134 S.E. 2d 217 (1964); *Central Surety & Ins. Corp. v. Elder*, 204 Va. 192, 129 S.E. 2d 651 (1963); *Kansas City Fire & Marine Insurance Company v. Epperson*, 234 Ark. 1100, 356 S.W. 2d 613 (1962); *Southwestern Fire & Casualty Company v. Atkins* (Tex. Civ. App.), 346 S.W. 2d 892 (1961); *Sullivan v. Royal Exchange Assurance*, 181 Cal. App. 2d 644, 5 Cal. Reptr. 878 (1960) and *Pacific Indemnity Company v. Thompson*, 56 Wash. 2d 715, 355 P. 2d 12 (1960). All of these cases involved the construction of an insurance contract rather than the invocation of estoppel.

endorsed on the application or policy[3] or if the policy-holder had other than sole and unconditional ownership of the insured property[4] or if the policy's description of the use or condition of the property insured was inaccurate.[5] The policy conditions relate generally to the quality of moral or other risks assumed. See Morris, Waiver and Estoppel in Insurance Policy Litigation, 105 U. Pa. L. Rev. 925 (1957). In effect, an insured is penalized by a voidance of the entire policy where the policy condition is not satisfied. In the case at bar the Limitation Provision is not a policy condition. It does not void the rider; it is not related to the quality of the risks assumed; nor does it penalize insured for failing to satisfy a condition. Thus, a policy condition is not present here.

Second, the entire policy was voided and there was entire frustration of the insured's purpose in each of the cases invoking the doctrine of estoppel. The conditions in those cases were designed to render null and

---

[3] *Evans v. Metropolitan Life Ins. Co.*, supra; *Harry Wilson v. Mutual Fire Insurance Co. of Montgomery*, supra; *Mentz v. Lancaster Fire Insurance Co.*, supra; *The Farmers' Mutual Insurance Co. v. Taylor*, supra; *Gregory v. Hoosier Casualty Company*, supra; *Davis v. Home Insurance Co.*, supra and *Sitler v. Spring Garden Mutual Fire Insurance Company of York*, supra.

[4] *Headley's Express & Storage Company, Inc. v. Pennsylvania Indemnity Corporation*, supra; *Clymer Opera Co. v. Flood City Mutual Fire Ins. Co.*, supra; *Damms v. Humboldt Fire Insurance Company*, supra; *I. C. Caldwell v. Fire Association of Philadelphia*, supra; *Light v. The Countrymen's Mutual Fire Insurance Company of Lebanon Co.*, supra; *Philad. Tool Co. v. British Am. Assurance Co.*, supra; *First National Bank of Charleroi v. Newark Fire Insurance Co.*, supra; *Jabs v. Lancaster County Mutual Insurance Company*, supra; *Azon v. Firemen's Insurance Company of Newark, New Jersey*, supra and *Porter v. Insurance Company of North America*, supra.

[5] *Central Market Street Company v. North British & Mercantile Insurance Company of London and Edinburgh*, supra and *Moliere v. The Pennsylvania Fire Insurance Company*, supra.

of no legal effect the entire liability of the insurer and thus to deny every benefit to the insured under the policy. In the case at bar the family compensation rider provides coverage for an indefinitely large number of persons causing injury, a wide variety of relationships between automobile and injury and a wide variety of causes of injury. The number of permutations and combinations of risks assumed by the insurer are enormous, and its potential liability under any one policy is open-ended. Further, Nationwide agreed to assume absolute liability without regard to the fault of the claimant. However, it did not attempt by the Limitation Provision to void any or all of these permutations and combinations of risks assumed under any one rider. The Limitation Provision does not exclude recovery under any one rider by each and every beneficiary injured or killed in the same or successive accidents. Here, Nationwide simply (1) limited the cumulative piling up of multiple recoveries (2) by one person (3) under several policies (4) as a result of injury to that person (5) where that person falls within the beneficiary class of other family compensation riders. The impact of this limitation is somewhat like that of the widely used pro rata other insurance clause which, broadly speaking, limits an insured's recovery under a policy to the proportion which that policy amount bears to the total amount of insurance in force on the same risk. Our courts have long upheld such clauses. See *Vrabel v. Scholler*, 369 Pa. 235, 243, 85 A. 2d 858 (1952) and cases cited therein. We do not construe this narrow limitation as entirely voiding the additional riders. Nor does the record contain any facts upon which we might conclude that Administrator's failure to obtain quadruple recovery for the estate of his mother frustrated his entire purpose in purchasing the three additional family compensation riders.

Third, in each of the cases applying estoppel, the insurer knew that the policy condition was inconsistent with the facts of the insured's situation. For example, in those cases the insurer knew that the insured had other insurance not endorsed on the application or policy or that the insured was not the sole and unconditional owner of the property insured. Despite this knowledge the policy condition would have voided the policy in just such situations. Our courts have not permitted insurers to assume this inconsistent and inequitable position. In the instant case Administrator argues that it is inconsistent for Nationwide to have issued "the additional accidental injury or death coverages if it did not intend to provide the separate $5,-000 coverage under each of the policies, since under no circumstances would there be any benefit whatsoever . . . under the additional policies unless such provisions were each separately effective. . . ." However, the additional riders did provide additional benefit under Part (A); and there is no evidence that the sole purpose in the acquisition of the additional riders was or was not for the coverage extended by Part (A). Hence, we conclude that Administrator's assertion that the Limitation Provision was inconsistent with the issuance of additional family compensation riders is without merit.

Really, Administrator's argument is that because Nationwide agreed to provide a certain amount of benefits for a five dollar premium it cannot assert a clear provision of an agreement the effect of which would be to provide something less than four times the amount of such benefits for twenty dollars. Such an argument does not raise an estoppel. Rather, it embodies a request that this Court recast the parties' bargain. Each additional rider and premium brought substantial additional benefits, and it is neither possible under the evidence nor our function under the law to calculate their worth. Hence, Administrator must

be held to the bargain struck by the insured when he purchased the additional policies.

The Administrator, having failed to establish a basis for invoking estoppel, is only entitled to a total recovery of $5,000. Accordingly, judgment is vacated and here entered for Administrator in the amount of $5,000.

Mr. Justice ROBERTS dissents and would affirm on the opinion of the Lower Court.

Mr. Justice MUSMANNO and Mr. Justice JONES took no part in the consideration or decision of this case.